Kenneth **WILSON**, Sr. and Lesa Wilson, Individually, and as Next Friend of Kenneth Wilson, Jr., Appellants.

v.

Carmen **LOTT** and Montgomery County, Texas, Appellees.

No. 07–99–0484–CV.

Court of Appeals of Texas, Amarillo.

Aug. 31, 2000.

Kurt G. Clarke, Houston, for appellant.

Burck, Lapidus & Lanza, P.C. (H. Mark Burck and Brent M. Cordell), Houston, Montgomery County Attorney (Frank H. Bass, Jr. and Erik Berglund), Conroe, for appellee.

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

## ABATEMENT AND REMAND

PER CURIAM.

■ Kenneth Wilson Sr. and Lesa Wilson, individually and as next friend of Kenneth Wilson, Jr., (Wilsons) appeal from the trial court's orders granting separate motions for summary judgment of Carmen Lott and Montgomery County that the Wilsons take nothing on their personal injury action. By two issues, the Wilsons contend (1) the trial court erred in granting the motions for summary judgment of Carmen Lott and Montgomery County, and (2) the trial court abused its discretion in granting the summary judgments and denying their motion for new trial. Based upon the rationale expressed herein, we abate this appeal and remand the cause to the trial court for further proceedings.

Following a hearing on the separate motions for summary judgment of Lott and Montgomery County, on August 5, 1999, the trial court signed two separate orders.[1] One order, entitled "Order," provides in part:

> ORDERED that Defendant's Motion for Summary Judgment is granted and that all Plaintiff's causes of action against Montgomery County, Texas is [sic] dismissed with prejudice.

---

1. We note that both orders dismiss the Wilsons' claims, but do not provide that the Wilsons shall take and recover nothing against Lott or Montgomery County.

The second order, entitled "Order Granting Motion for Summary Judgment of Defendant Carmen Lott," provides:

> ... After considering the pleadings, the motions, the response, affidavits, other evidence on file, and arguments of counsel the court GRANTS Defendant's Motion for Summary Judgment. It is ordered Plaintiffs' claims against Defendant Carmen Lott are hereby dismissed in their entirety. Defendant Carmen Lott shall recover taxable court cost[s] from Plaintiffs.

On September 7, 1999, the Wilsons filed separate motions for new trial against Lott and Montgomery County. Then, on September 24, 1999, the Wilsons filed their notice of appeal stating their intention to appeal the "Final Judgment" dated August 5, 1999.

Although the notice of appeal references a judgment dated August 5, 1999, notwithstanding Rule 301 of the Texas Rules of Civil Procedure that only *one* final judgment shall be rendered, the clerk's record contains two orders dated August 5, 1999. *See Fisher v. Yates*, 953 S.W.2d 370, 374 (Tex.App.—Texarkana 1997), *pet. denied,* 988 S.W.2d 730 (Tex.1998); *see also Wang v. Hsu*, 899 S.W.2d 409, 411 (Tex.App.—Houston [14th Dist.] 1995, writ denied) (holding that there can be "only one final appealable order"). Moreover, because the clerk's record contains two separate orders both signed August 5, 1999, we are unable to determine from the notice of appeal whether the Wilsons intend to challenge only one or both of the orders.

■ Therefore, we now abate this appeal and remand the cause to the trial court for further proceedings. Tex.R.App. P. 2. Upon remand, the trial court shall cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether one judgment has been rendered and signed, and if so, direct the trial court clerk to prepare a supplemental clerk's record containing the final judgment and forward it to the Clerk of this Court;

2. if one judgment has not been rendered and signed, following the hearing, the trial court shall render and sign one final judgment that shall be forwarded to the Clerk of this Court in a supplemental clerk's record; and,

3. if the trial court concludes that the August 5, 1999 orders remain interlocutory and that it is not appropriate at this time to render and sign one final judgment, upon certification of such conclusion to this Court, the appeal will be dismissed for want of jurisdiction.

The trial court shall cause the hearing to be transcribed and shall make findings of fact, conclusions of law and such orders as the court may enter regarding the aforementioned matters and cause its findings and conclusions to be included in the supplemental clerk's record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Monday, October 2, 2000.

It is further ordered that if a final judgment has been rendered and signed in this cause, pursuant to Rule 25.1(f) of the Texas Rules of Appellate Procedure, leave is granted to the Wilsons to amend their notice of appeal.

It is so ordered.