**A.G. RADCLIFF, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–02–00419–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

June 26, 2003.

Clyde Williams, Houston, for appellant.

Dan McCrory, Asst. Dist. Atty., Houston, for appellee.

Panel consists of Chief Justice RADACK, and Justices ALCALA and HIGLEY.

## ORDER OF ABATEMENT

PER CURIAM.

This is an order withdrawing the present appeal from submission, abating the appeal, and remanding the cause to the trial court for the filing of an out-of-time motion for new trial. We do so for the following reasons.

The Texas Court of Criminal Appeals, in *Ex parte Radcliff,* No. 74,277, slip op. at 2 (Tex.Crim.App. Feb. 6, 2002) (not designated for publication), granted appellant, A.G. Radcliff, an out-of-time appeal and issued a mandate directing the 228th District Court, Harris County, Texas, to allow appellant the out-of-time appeal. In the opinion accompanying the mandate, the court found that the appellant had not been represented by counsel during the 30-day period following the judgment entered at appellant's adjudication hearing. The court ordered the appellant "returned to that point in time at which he may give written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal." The mandate issued on March 4, 2002, reinstating the statutory time tables on that date.

On March 15, 2002, appellant filed a pro se notice of appeal and request for appointed counsel in this Court and a pro se motion for a new trial in the trial court. The record does not show that the trial court appointed counsel, inquired regarding appellant's representation or held a hearing on the motion for new trial. Unaware of the mandate issued by the Court of Criminal Appeals, this Court, on June 6, 2002, abated appellant's appeal and remanded the cause to the trial court for an indigency hearing. Although the trial court appointed qualified counsel on July 24, 2002, the trial court no longer had jurisdiction to entertain a motion for new trial. Tex.R.App. P. 21.4(a) (a defendant must file a motion for new trial within 30 days of the trial court's imposition of sentence).

■■■■ An accused is entitled to counsel by virtue of the Sixth Amendment to the United States Constitution at "every critical stage of a criminal prosecution." *See Upton v. State,* 853 S.W.2d 548, 553 (Tex. Crim.App.1993). The hearing on a motion for new trial is a critical stage of the proceedings, as it is the only opportunity to present to the trial court certain matters that may warrant a new trial and to make a record on those matters for appellate review. *Trevino v. State,* 565 S.W.2d 938, 940 (Tex.Crim.App.1978). Under *Old-*

*ham v. State,* 977 S.W.2d 354, 363 (Tex. Crim.App.1998), there is a rebuttable presumption that an appellant was represented by counsel. Here, this presumption has been rebutted by the following facts: (1) the Court of Criminal Appeals stated in its opinion that appellant was not represented by effective counsel after his adjudication hearing, and (2) appellant requested appointment of counsel in his motion for an appeal.

■■ Sixth Amendment violations "are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation." *United States v. Morrison,* 449 U.S. 361, 364, 101 S.Ct. 665, 667–68, 66 L.Ed.2d 564 (1981). The remedy here, already articulated by the opinion of the Court of Criminal Appeals, is to allow appellant to obtain a meaningful appeal with the aid of counsel. Therefore, acting in compliance with the court's order and under our authority under rule 43.6 of the Texas Rules of Appellate Procedure, we withdraw the current appeal from submission, abate the appeal and remand the cause to the trial court to the point where the Court of Criminal Appeals mandate issued and from which point a motion for new trial can be filed by appointed counsel within the appellate timetables. In issuing this order, we note that a number of our sister courts have fashioned a similar remedy in analogous situations. *See Garcia v. State,* 97 S.W.3d 343, 349 (Tex.App.-Austin 2003, no pet.); *Champion v. State,* 82 S.W.3d 79, 83–84 (Tex.App.-Amarillo 2002, no pet.); *Prudhomme v. State,* 28 S.W.3d 114, 121(Tex.App.-Texarkana 2000, no pet.); *Massingill v. State,* 8 S.W.3d 733, 738 (Tex.App.-Austin 1999, no pet.).

The timetable for the motion for· new trial shall begin running anew from the date of this order. If the trial court grants the motion for new trial, this appeal will be dismissed. If the trial court overrules the motion for new trial, the record will be supplemented with a copy of the trial court's order, the court reporter's record of any hearing on such motion, and other matters pertaining to the procedure after remand.

It is so **ORDERED.**