NUMBER 13-02-033-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG




LEEANN HALEY,                                                               Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.




On appeal from the 105th District Court 
of Kleberg County, Texas.




OPINION

Before Justices Hinojosa, Yañez, and Baird



                                  Opinion Per Curiam

         Appellant was charged by indictment with the state jail felony offense of
tampering with a governmental record. A jury convicted appellant of a lesser included
offense and assessed punishment at 180 days confinement in the Kleberg County jail,
probated for a period of two years. See Tex. Pen. Code Ann. § 37.10(c)(1) (Vernon
Supp. 2004). We abate this appeal and remand this matter to the trial court for
futher proceedings consistent with this opinion.
I. Procedural History.
         Appellant raises two points of error, both of which deal with the status of her
legal representation in the thirty days following sentencing. Specifically, the first point
of error contends she was abandoned by trial counsel. The second point contends the
trial judge erred in not appointing counsel to represent appellant during the thirty-day
time period for filing a motion for new trial. A brief procedural history is necessary to
put the points in context.
         On December 4, 2001, the jury returned its punishment verdict and the trial
judge placed appellant on community supervision. On December 21, appellant filed
a pro se notice of appeal. Appellant wrote a letter to the judge seeking appointment
of counsel on appeal and a free reporter’s record. On January 10, 2002, the trial
judge entered an order finding appellant indigent, and appointed counsel to prosecute
appellant’s appeal. 
         What is clear to us from the reading of the affidavits involved in this appeal is
the following:
1.trial counsel discussed with appellant her right to appeal;



 
2.trial counsel told appellant that he “represented her only for her
trial, [and not] on her appeal;”
 
3.appellant wanted to appeal;
 
4.trial counsel prepared a pro se notice of appeal for appellant and
instructed her to file the notice and request appointed counsel;
 
5.trial counsel did not pursue a motion for new trial;
 
6.appellant filed the notice of appeal and requested appointed
counsel, “[believing] she was doing everything necessary to
protect [her] rights of appeal;” 
 
7. appellant did not file a pro se motion for new trial; and
 
8. appointed counsel would have filed a motion for new trial alleging
jury misconduct and ineffective assistance of counsel.

         This case presents a comedy of errors. First, trial counsel believed he did not
represent appellant during the critical time period for the filing of a motion for new
trial. This belief was erroneous because counsel had the duty to continue his
representation of the defendant until other counsel was secured to prosecute the
appeal. Ex parte Axel, 757 S.W.2d 369, 373 (Tex. Crim. App. 1988).


 This mistaken
belief caused appellant to be abandoned during this critical stage of the proceedings.
         Second, even though appellant filed her notice of appeal and request for the
appointment of counsel within the thirty-day time period, counsel was not appointed
until after the motion for new trial time limit had expired. Therefore, appointed
appellate counsel was unable to file the motion for new trial both she and appellant
desired. Finally, appellant’s counsel on appeal has filed a motion to withdraw on
grounds that she is now employed by the District Attorney’s office. Appellant’s
appellate counsel has recently furnished this Court with the trial court’s order granting
her motion to withdraw. 
         In light of the peculiar circumstances of this case, we believe the proper remedy
is to abate the appeal and remand the cause to recommence the time period for filing
a new trial motion. See Radcliff v. State, No. 01-02-00419-CR, 2003 Tex. App.
LEXIS 5365, *4 (Tex. App.–Houston [1st Dist.] June 26, 2003, no pet.) (designated
for publication); Garcia v. State, 97 S.W.3d 343, 349 (Tex. App.–Austin 2003, no
pet.); Prudhomme v. State, 28 S.W.3d 114, 121 (Tex. App.–Texarkana 2000, no
pet.); Massingill v. State, 8 S.W.3d 733, 738 (Tex. App.–Austin 1999, pet. ref'd). 
We do so without disturbing the trial court’s judgment and without relying on rule 2
of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 2 (governing the
suspension of the appellate rules). 
         On remand, the appellate timetables are to begin anew, starting from the date
this order issues. Prudhomme, 28 S.W.3d at 121; see Tex. R. App. P. 43.6. Further,
upon remand the trial court shall appoint new counsel. New counsel shall then consult
with appellant and determine whether she desires to file a motion for new trial. 
         If no motion for new trial is filed, we will presume that option was considered
by appellant and rejected. Smith v. State, 17 S.W.3d 660, 662 (Tex. Crim. App.
2000); Oldham v. State, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998). If appellant
elects to file a motion for new trial, and the trial judge grants that motion, the appellate
record shall be supplemented with that order, and appellant's appeal will be dismissed. 
If the trial judge overrules the new trial motion, the record shall be supplemented with
that order and the record of any hearing held on such motion, and the parties will be
permitted to brief any issues related to the overruled motion.


 Prudhomme, 28 S.W.3d
at 121; Massingill, 8 S.W.3d at 738-39.
         Accordingly, this appeal is abated and remanded for further proceedings as
directed herein.
         IT IS SO ORDERED.
                                                               PER CURIAM
Do Not Publish.
Tex. R. App. P. 47.2(b).

Order delivered and filed this
the 26th day of February, 2004.