**In the Interest of K.K., L.M., M.M., and T.K., Children.**

**No. 10–04–00303–CV.**

Court of Appeals of Texas, Waco.

Oct. 19, 2005.

---

682

James Kent Schuster, Hearne, Jana L. Foreman, CE Borman & Associates, College Station, Paige W. Osburn, Bryan, Jami G. Lowry, Franklin, for appellant.

Raymond L. Thomas Jr., Brazos County Dist. Atty., Bryan, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## ABATEMENT ORDER

PER CURIAM.

### Introduction

After a nonjury trial, the trial court terminated the parental rights of Becky King to her four children, K.K., L.M., M.M., and T.K. The court also terminated the parental rights of Major Eugene Moore to L.M. and M.M., who are his children. King and Moore (Appellants) appeal the order terminating their parental rights.

In one issue, Appellants, through their respective appointed appellate counsel, assert that their appointed trial counsel were ineffective because neither attorney moved the trial court to dismiss the termination proceeding in accordance with section 263.401 of the Family Code. *See* TEX. FAM. CODE ANN. § 263.401 (Vernon 2002). Nothing in the record indicates trial counsels' reasons or strategies for not moving to dismiss the proceeding.

### Background

In a parental-rights termination case where the parent asserts on appeal the ineffective assistance of trial counsel, but nothing in the record indicates trial counsel's reasons or strategies for the complained-of conduct, the lack of a record is practically always fatal to the parent's appellate issue under current Texas law. Because of this and because they have no further recourse, we abate this appeal and remand the cause to the trial court for a hearing at which Appellants can have a meaningful opportunity to develop an evidentiary record to support their ineffective assistance of counsel claims.

■ The trial court's termination order was signed on September 29, 2004. The deadline for any motion for new trial was thirty days after the judgment was signed. TEX.R. CIV. P. 329b(a). But a motion for new trial does not extend the notice of appeal deadline in a termination case. TEX. FAM.CODE ANN. § 263.405(c) (Vernon 2002); *In re B.G.,* 104 S.W.3d 565, 567 (Tex.App.-Waco 2002, order). And no later than fifteen days after the termination order, Appellants were required to file statements of points on which they intended to appeal. TEX. FAM.CODE ANN. § 263.401 (Vernon 2002); *but see In re J.J.O.,* 131 S.W.3d 618, 626–27 (Tex.App.-Fort Worth 2004, no pet.) (holding that an appellant's failure to file a statement of points does not constitute a waiver of non-jurisdictional issues on appeal).[1] In any

1. The legislature recently amended section 263.405 by adding subsection (i), which provides:

> (i) The appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a *statement combined with a motion for new trial.* For purposes of this subsection, a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue on appeal.

Act of May 12, 2005, 79th Leg., R.S., ch. 176, § 1, 2005 Tex. Sess. Law Serv. 332 (Vernon).

Thus, the importance of having the effective assistance of counsel in this critical stage of a termination case has only heightened. *Cf. Radcliff v. State,* 126 S.W.3d 534, 535 (Tex. App.-Houston [1st Dist.] 2003, order) ("The hearing on a motion for new trial is a critical stage of the proceedings, as it is the only opportunity to present to the trial court certain matters that may warrant a new trial and to make a record on those matters for appellate review.") (citing *Trevino v. State,* 565 S.W.2d 938, 940 (Tex.Crim.App.1978)); *Jack v. State,* 42 S.W.3d 291, 292 (Tex.App.-Houston [1st Dist.] 2001, order) ("the time period for filing a motion for new trial is a critical stage of a criminal proceeding in which de-

event, an ineffective assistance claim can be raised for the first time on appeal without being preserved in the trial court. *In re B.T.*, 154 S.W.3d 200, 205 (Tex.App.-Fort Worth 2004, no pet.); *In re J.M.S.*, 43 S.W.3d 60, 64 (Tex.App.-Houston [1st Dist.] 2001, no pet.); *see In re M.S.*, 115 S.W.3d 534, 546–50 (Tex.2003) (considering ineffectiveness of counsel even though no motion for new trial filed).

Within thirty days after the termination order, a trial court "shall hold a hearing to determine whether: (1) a new trial should be granted; (2) a party's claim of indigence, if any, should be sustained; and (3) the appeal is frivolous as provided by Section 13.003(b), Civil Practice and Remedies Code." TEX. FAM.CODE ANN. § 263.405(d) (Vernon 2002).

Because this is an accelerated appeal (*see* TEX. FAM.CODE ANN. § 109.002(a) (Vernon 2002)), Appellants had twenty days (until October 19, 2004) after the termination order to file their notices of appeal. *See* TEX.R.APP. P. 26.1(b). King's trial counsel timely filed her notice of appeal on October 7, 2004. After being granted an extension of time, Moore's trial counsel filed his notice of appeal on October 26, 2004.

The trial court appointed King's appellate counsel on January 20, 2005, almost four months after the termination order. The Clerk's Record is silent on when Moore's appellate counsel was appointed, but it occurred at least after October 2004, and from the motions and correspondence in this appeal, it appears to have been in December 2004 or January 2005.

### The Right to Effective Assistance of Counsel

■■■■ Indigent persons have a statutory right to counsel in parental-rights termination cases. TEX. FAM.CODE ANN. § 107.013(a)(1) (Vernon Supp.2004–05).[2] The Texas Supreme Court recently held that this right includes the right to effective counsel. *In re M.S.*, 115 S.W.3d 534, 544 (Tex.2003). We have held that the right to effective counsel extends to the appellate level. *See In re T.V.*, 8 S.W.3d 448, 449 (Tex.App.-Waco 1999, order).

■■■■ In analyzing the effectiveness of counsel in a parental-rights termination case, we follow a two-pronged standard set forth by the United States Supreme Court in *Strickland v. Washington* to determine whether an attorney's representation was so inadequate as to violate the right to effective assistance of counsel. *M.S.*, 115

fendants are entitled to assistance of counsel.").

**2.** We have held that the right to effective assistance of counsel in termination cases is also of a constitutional dimension involving due process. *See In re E.L.Y.*, 69 S.W.3d 838, 840–41 (Tex.App.-Waco 2002, order); *In re B.L.D.*, 56 S.W.3d 203, 211–12 (Tex.App.-Waco 2001), *rev'd on other grounds*, 113 S.W.3d 340 (Tex.2003); *accord In re J.M.S.*, 43 S.W.3d 60, 63 (Tex.App.-Houston [1st Dist.] 2001, no pet.). Parental rights themselves are of constitutional dimension. *In re J.W.T.*, 872 S.W.2d 189, 194–95 (Tex.1994). A parent's right to "the companionship, care, custody and management" of his or her children is a constitutional interest "far more

precious than any property right." *Santosky v. Kramer*, 455 U.S. 745, 758–59, 102 S.Ct. 1388, 1397, 71 L.Ed.2d 599 (1982) (quoting *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208, 1212, 31 L.Ed.2d 551 (1972)). "Termination of parental rights is traumatic, permanent, and irrevocable." *In re M.S.*, 115 S.W.3d 534, 549 (Tex.2003). After a six-month statutory period, termination orders are final and may not be challenged by direct or collateral attack. *See* TEX. FAM.CODE ANN. § 161.211 (Vernon 2002). Therefore, in a case terminating parental rights, the proceedings should be strictly scrutinized and the involuntary termination statutes strictly construed in favor of the parent. *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex.1985).

S.W.3d at 545 (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)); *Brice v. Denton*, 135 S.W.3d 139, 141 (Tex.App.-Waco 2004, pet. denied). To show ineffectiveness of counsel in a termination case, the appellant must show (1) that counsel's assistance fell below an objective standard of reasonableness and (2) that counsel's deficient assistance, if any, prejudiced the defendant. *M.S.*, 115 S.W.3d at 545 (citing *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065).

### The Inequity in Termination Appeals

■ *Strickland's* "record" requirement also applies to ineffective-assistance claims in termination cases: "An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *In re S.R.C.*, 2003 WL 22966325 at *2 (Tex.App.-Fort Worth Dec.18, 2003, no pet.) (mem.op.) (citing *Thompson v. State*, 9 S.W.3d 808, 814 (Tex.Crim.App.1999)). For example, the Dallas Court of Appeals has held that the appellants did not establish ineffective assistance in part because the record was silent on counsel's reasons for the complained-of failures. *In re J.W.*, 113 S.W.3d 605, 616 (Tex.App.-Dallas 2003, pet. denied) (citing *Thompson*, 9 S.W.3d at 813–14).

Various courts have highlighted the record requirement and the problem it poses for appellants who urge ineffective-assistance claims in termination cases.[3] As Texas courts began to develop ineffective-assistance claims in termination cases and the law in Texas was still unsettled, the Houston Fourteenth noted the record requirement's procedural pitfall that awaited such claimants:

> In this case, appellant has developed no record of her trial counsel's reasons for the actions or omissions of which appellant complains.... We recognize that an

3. *E.g., In re F.A.A.*, 2005 WL 1840098 at *2 (Tex.App.-Corpus Christi Aug.4, 2005, no pet. h.) (mem.op.) ("If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal. Counsel's reasons for failing to object and present an offer of proof in question and answer form do not appear in [the] record. It is possible for counsel to have legitimate reasons for his conduct.") (citations omitted); *B.T.*, 154 S.W.3d at 205–06 ("By not presenting the issue in a motion for new trial and developing a record of ineffective behavior, the proponent of the claim has a difficult burden to overcome because the challenged action might be considered sound trial strategy."); *In re A.J.H.*, 2004 WL 414093 at *7 (Tex.App.-Houston [14th Dist.] Mar. 2, 2004, no pet.) (mem.op.) ("Appellant has the burden to rebut this presumption by presenting evidence illustrating why trial counsel did what he did. An appellant usually cannot meet this burden if the record does not specifically focus on the reasons for trial counsel's conduct. Although Jamie filed a motion for new trial, on which a hearing was held, trial counsel did not attend the hearing. In the absence of a proper evidentiary record developed at a hearing on a motion for new trial, it is extremely difficult to show that trial counsel's performance was deficient.") (citations omitted); *J.M.S.*, 43 S.W.3d at 64 ("The defendant must overcome the presumption that the challenged action might be considered sound trial strategy. Furthermore, such a complaint can be raised for the first time on appeal without being preserved in the trial court. However, by not presenting the issue in a motion for new trial and developing a record of ineffective behavior, the proponent of the claim has a difficult burden to overcome: that the challenged action might be considered sound trial strategy.") (citations omitted).

indigent parent might have no meaningful opportunity to develop a record necessary to support a claim of ineffective assistance where the motion for new trial must be filed before appellate counsel is appointed and/or the reporter's record from trial is completed. To the extent a right to effective assistance of counsel becomes established in Texas in this context, this aspect will obviously warrant further attention. Until then, and despite potential inequity, we are not persuaded that reversal of a termination decision could be justified where ineffective assistance is not clearly demonstrated by the record.

*In re M.R.E.*, 2002 WL 246404 at *1 & n. 5 (Tex.App.-Houston [14th Dist.] Feb. 21, 2002, no pet.) (not designated for publication).

▇▇ Unlike ineffective-assistance claims in criminal cases, which have the writ of habeas corpus as a safety net to develop a record for such claims,[4] parental-rights termination cases have no similar mechanism available. As the court noted in *M.R.E.*, indigent parents have no "meaningful opportunity" to develop a post-trial record to support an ineffective-assistance claim. In termination cases, as the applicable post-trial deadlines and the facts of this appeal demonstrate, not only is there no meaningful opportunity, but it is a practical impossibility for an indigent parent to obtain appointed appellate counsel, file a motion for new trial alleging ineffective assistance, and submit evidence (either by testimony or affidavit from appointed trial counsel) to develop a record that shows trial counsel's reasons or strategies for the conduct that is the basis for the ineffective-assistance claim.

The "potential inequity" described in *M.R.E.* is a present and fatal inequity in termination cases. It is our duty to strictly scrutinize this inequity and to strictly construe indigent parents' rights in their favor. *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex.1985) ("in a case terminating parental rights, the proceedings should be strictly scrutinized and the involuntary termination statutes strictly construed in favor of the parent."). Indigent parents have statutory and constitutional rights to effective assistance of counsel in termination cases, but Texas law provides no meaningful or practical procedural mechanism in which those rights can be protected and remedied on appeal. In adopting a right to the effective assistance of counsel in termination cases, the Texas Supreme Court noted that " '[i]t would seem a useless gesture on the one hand to recognize the importance of counsel in termination proceedings, as evidenced by the statutory right to appointed counsel, and, on the other hand, not require that counsel perform effectively.' " *M.S.*, 115 S.W.3d at 544 (quoting *In re K.L.*, 91 S.W.3d 1, 13 (Tex. App.-Fort Worth 2002, no pet.)). It seems to us also a "useless gesture" to provide indigent parents with a right to effective assistance of counsel in termination cases but not to provide them with the procedural ability to prevail on a meritorious ineffective-assistance claim.

### The Remedy

▇▇ Texas courts have looked to criminal law for guidance on issues arising in

---

4. A hearing on a writ of habeas corpus is the preferable forum for developing a record of ineffective assistance in criminal cases because the record in a direct appeal is usually not developed for the litigation of such a claim. *See Massaro v. United States*, 538 U.S. 500, 505, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003); *Freeman v. State*, 125 S.W.3d 505, 506–07 (Tex.Crim.App.2003); *Thompson*, 9 S.W.3d at 813–14. "A petition for writ of habeas corpus usually is the appropriate vehicle to investigate ineffective-assistance claims." *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex.Crim.App.2002).

termination cases. *See, e.g., M.S.*, 115 S.W.3d at 543–45 (adopting *Strickland* standard for ineffective-assistance claims in termination cases); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex.App.-Waco 2002, order) (adopting *Anders* procedures in termination cases). We therefore turn to it again. The criminal law procedure that most closely approximates a remedy for the inequity in termination cases is the abatement-remand procedure adopted and employed in *Jack v. State. See Jack v. State*, 42 S.W.3d 291 (Tex.App.-Houston [1st Dist.] 2001, order). In *Jack*, the First Court of Appeals abated an appeal for the filing of an out-of-time motion for new trial because "[e]verything in the record indicate[d] that appellant was not assisted by counsel during the 30–day critical stage for filing a motion for new trial." *Id.* at 293. The court abated the appeal "to allow appellant the opportunity to rebut the rebuttable presumption that he was effectively represented by [his attorney] during the 30–day period after [sentencing]." *Id.* The constitutional underpinning for the procedure enunciated in *Jack* and similar cases is the Sixth Amendment right to counsel. *Id.; see Sossamon v. State*, 110 S.W.3d 57, 60 (Tex.App.-Waco 2002, order, pet. ref'd).

Abatement and remand to the trial court for a hearing has been used in termination cases in other contexts. *See, e.g., In re K.M.*, 2004 WL 2826851 at *4 (Tex.App.-Amarillo Dec. 8, 2004, order) (abating appeal and remanding to trial court for hearing on issues of whether father's appeal is frivolous under section 263.405(d)(3) of Family Code and father's entitlement to a free reporter's record); *In re S.D.S.*, 2004 WL 1879649 at *1 (Tex.App.-Amarillo Aug. 23, 2004, order) (abating appeal and remanding to trial court for hearing on whether parents desired to prosecute appeal, whether parents were indigent and

entitled to appointed counsel, and whether parents had been denied effective assistance of counsel on appeal), *disp'd on merits*, 2005 WL 1038817 (Tex.App.-Amarillo May 3, 2005, pet. denied); *In re T.A.C.W.*, 143 S.W.3d 249, 251 (Tex.App.-San Antonio 2004, order) (abating appeal and remanding to trial court for hearing on issues of whether father's appeal is frivolous under section 263.405(d)(3) of Family Code), *disp'd on merits*, 2004 WL 1835960 (Tex. App.-San Antonio Aug.18, 2004, no pet.) (mem.op.); *In re J.A.L.*, 2004 WL 526924 at *1 (Tex.App.-Beaumont Mar.18, 2004, no pet.) (mem.op.) (before dismissing for want of prosecution, appeal had been abated for hearing in trial court on whether parent was deprived of free record due to ineffective assistance of counsel); *Mendoza v. Texas Dep't Prot. & Reg. Servs.*, 2004 WL 403093 at *1 (Tex.App.-Amarillo Mar. 4, 2004, order) (abating appeal and remanding to trial court for hearing on whether parent was indigent and entitled to appointed counsel), *disp'd on merits,*2004 WL 1630765 (Tex.App.-Amarillo July 21, 2004, no pet.) (mem.op.); *In re B.T.B.*, 2004 WL 1632845 at *1 (Tex.App.-Waco July 21, 2004, no pet.) (mem.op.) (appeal had been abated for hearing in trial court on whether parent was represented by counsel or if counsel should be appointed); *In re T.V.*, 8 S.W.3d 448, 449–50 (Tex.App.-Waco 1999, order) (abating appeal and remanding to trial court for hearing on whether parent desired to prosecute appeal, whether parent was indigent, and why no brief had been filed on parent's behalf), *disp'd on merits*, 27 S.W.3d 622 (Tex.App.-Waco 2000, no pet.); *see also Brice*, 135 S.W.3d at 146–49 (Gray, C.J., dissenting) (suggesting abatement to trial court for hearing on whether parent entitled to appointed counsel on appeal).[5]

---

5. Texas courts have also employed the abate-

ment-remand procedure in other types of civil

We are not aware of any reason why such a procedure should not be available so that a record can be developed on an indigent parent's ineffective-assistance claim.[6] This procedure will cause only a slight delay in the appeal and, given the narrow focus and the necessity for only one usually brief hearing, should not expend much judicial resources.[7] Whether abatement is appropriate will depend on the facts of each termination case and the specific allegation of ineffective assistance.[8] We hold that it is appropriate in this case.

### Conclusion

Accordingly, we abate this appeal and remand the cause to the trial court for a hearing at which Appellants may develop an evidentiary record on their ineffective assistance of counsel claims. The trial court is instructed to hold this hearing within thirty days of the date of this abatement order. No later than ten days after

---

6. When ineffective assistance is raised for the first time on appeal, this procedure will also allow trial counsel, who has not had an opportunity to respond to the allegation, such an opportunity. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex.Crim.App.2003) ("because the ineffective assistance claim is raised on direct appeal, trial counsel has not had an opportunity to respond to these areas of concern").

cases involving myriad issues. *See, e.g., In re A.C.S.*, 157 S.W.3d 9, 15 (Tex.App.-Waco 2004, no pet.) (noting that an appeal can be abated if trial court files untimely findings and appellant can show harm); *Westcliffe, Inc. v. Bear Creek Constr., Ltd.*, 105 S.W.3d 286, 292 (Tex.App.-Dallas 2003, no pet.) (appeal had been abated for trial court to hold hearing on accuracy of master's audiotaped record); *Wilson v. Lott*, 65 S.W.3d 104, 106 (Tex.App.-Amarillo 2000, order) (abating appeal for trial court to determine whether more than one judgment had been rendered and if so, for trial court to render one final judgment); *see also Smith v. Smith*, 63 S.W.3d 599, 600 (Tex.App.-Waco 2002) (Gray, C.J., dissenting) (suggesting abatement in divorce appeal for ruling by trial court on wife's motion to suspend order), *order withdrawn as aff'd*, 143 S.W.3d 206 (Tex.App.-Waco 2004, no pet.).

7. In the second ruling in *Jack*, the court determined that a second abatement and remand were necessary to recommence the time period for filing a motion for new trial. *See Jack v. State*, 64 S.W.3d 694, 697 (Tex.App.-Houston [1st Dist.] 2002), *pet. dism'd*, 149 S.W.3d 119 (Tex.Crim.App.2004). In a concurring opinion, Justice Cohen aptly elucidated the role of courts in providing a procedural mechanism to protect rights:

· Courts do not exist to conserve judicial resources. Courts exist to expend judicial resources, and they should cheerfully do so to protect constitutional rights, such as the right to counsel. If courts cannot do that, then judicial resources are not worth conserving.

· No constitution says that courts should conserve judicial resources. Constitutions say the opposite. Constitutions create rights. The people count on us judges to enforce them. The Texas Legislature commands us to do so. We have sworn to do so. Nobody else can do so. In this case, we are doing so.

. . .

· No judicial resources were wasted in this case. The trial judge signed his findings 38 days after our abatement order issued. The record got here three weeks later. The abatement hearing covers only six pages of testimony and lasted only minutes. The defendant answered seven questions; trial counsel answered five. The trial judge commented that this was a "simple record" to make.

. . .

· I ask: If we choose to conserve our judicial resources instead of using them to protect the United States and Texas constitutional and statutory right to counsel, then what better use, exactly, are we conserving them for?

*Id.* at 697–98 (Cohen, J., concurring).

8. In some appeals, a record will not be necessary because the complained-of conduct may be such that no competent attorney would have engaged in it. In others, the reason or strategy for the conduct may be readily apparent and a record unnecessary. And in yet others, the complained-of conduct may not be ineffective as a matter of law.

the date of the hearing, a supplemental clerk's record and a supplemental reporter's record pertaining to the hearing shall be filed in this appeal, at which time the appeal will be reinstated. After the supplemental clerk's and reporter's records are filed, Appellants shall have ten days to file a supplemental brief, after which Appellee shall have ten days to file a brief in response.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting opinion to abatement order.

I dissent to the new procedure created out of whole cloth by the majority.

The hostility continues—unabated. *See In re M.A.H.,* No. 10–02–00234–CV, 2004 WL 1691097, at *3, 2004 Tex.App. LEXIS 6913, at *8–*9 (Tex.App.-Waco July 28, 2004, no pet.) (Gray, C.J., dissenting). Is it effective assistance of counsel or is it now the appointment of effective counsel? *See Brice v. Denton,* 135 S.W.3d 139, 146–51 & nn. 1–3 (Tex.App.-Waco 2004) (Gray, C.J., dissenting), *pet. denied sub nom. Denton ex rel. A.R.B. v. Brice,* No. 04–0391, 2005 Tex. LEXIS 380 (Tex. May 13, 2005) (order) (not designated for publication).[1] The appellate counsel has the option to proceed simultaneously with a writ of habeas corpus to develop any factual record needed to show counsel's conduct and reasons for it. *See* Tex. Fam.Code Ann. § 161.211(a)-(b) (Vernon 2002); *see generally Brice* at 155 n. 6 (Gray, C.J., dissenting).

I would affirm the trial court's judgment. More later if this order is set aside by mandamus; if not, then after the appeal is reinstated.

---

1. The Legislature again amended the statutes governing the appointment of counsel for indigent parents in suits affecting the parent-child relationship in its last session. *E.g.,* Act of May 29, 2005, 79th Leg., R.S., ch. 268, § 1.06, 2005 Tex. Sess. Law Serv. 621, 623 (Vernon) (to be codified at Tex. Fam.Code § 107.013(c)); *id.* § 1.07, 2005 Tex. Sess. Law Serv. at 623 (to be codified as an amendment of Tex. Fam.Code Ann. § 107.015(c) (Vernon Supp.2004–2005)).