IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00327-CV

 

In the
Interest of T.N.F., H.R.F., H.R.F., JR. and H.R.F.,

Children

 

 



From the 82nd District Court

Robertson County, Texas

Trial Court No. 04-02-16857CV

 



dissenting  Opinion to abatement order










 

          “GONE FISHING” is the sign to hang on
this court’s order delaying this accelerated appeal of the termination of
parental rights case by abating it so that Appellant can utilize a procedure
created by the Tenth Court of Appeals to try to find some evidence to show that
Tammy was prejudiced by counsel’s alleged ineffectiveness. I dissent to the
Abatement Order for the reasons set out in my Dissenting Opinion to Abatement Order
in In the Interest of K.K., 180 S.W.3d 681, 2005 Tex. App. LEXIS 8647,
*17 (Tex. App.—Waco 2005, order) (Gray, C.J., dissenting).  For the convenience
of the reader, that dissenting opinion is set out in full in the Appendix to
this dissenting opinion.  Probably the most frustrating aspect of ordering this
procedure is that no one, other than the majority, has asked for it.  That
explains why this dissenting opinion may, at times, read more like a response
to a motion to abate than a dissenting opinion.  The problem is that the party
who has filed the motion also has the authority to grant it.  It is not
surprising that the motion is granted.

The full text of Tammy’s brief on the subject of
prejudice for all three of her allegations of ineffective assistance of counsel
is as follows:

Demonstrating that Fulton’s trial counsel
provided Fulton with deficient representation during trial is not sufficient to
establish that Fulton was denied effective assistance of counsel.  In re
M.S., 115 S.W.3d at 545.  Fulton must also show that her counsel’s
deficient performance prejudiced her case.  Here it is axiomatic that there is
prejudice because legal and factual insufficiency challenges have been waived.

Fulton’s
counsel’s performance was more than inadequate.  He did not prepare for trial
by instituting a course of written or oral discovery, and then complained to
the trial court about his inability to prepare.  (Appendix 1, 6 RR 6-9).  On
top of that, with an obvious conflict with Fulton, he revealed attorney-client
privileged information (without permission).  He then effectively waived any
right to appeal on any ground except ineffective assistance, which was the very
ground that he informed the court he would refute by going to this Court if
necessary.  Fulton’s counsel’s conduct therefore prejudiced Fulton’s defense,
and thus Fulton was denied the effective assistance of counsel.

 

PRESERVATION OF ISSUE FOR APPELLATE REVIEW

 

With regard to the first allegation of
ineffective assistance of counsel, failure to preserve legal and factual
sufficiency issues, we should do the same thing we did in Taylor v. Brazoria County Children's Protective Servs. Unit, No. 10-03-00148-CV, 2004 Tex. App. LEXIS 8729 (Tex. App.—Waco Sept. 29, 2004, no pet.) (mem. op.), when we
reviewed the sufficiency of the evidence and determined that the parent was not
prejudiced by counsel’s failure to perfect a factual sufficiency point when the
evidence was, in fact, factually sufficient.  It seems somewhat ludicrous to
abate this proceeding so that trial counsel can testify that the reason he did
not take steps necessary to perfect legal or factual sufficiency issues is
because it is against his ethical duties to take actions which are wholly
frivolous or without arguable merit.

          Further, and more compelling, is that
the appellant has not asserted that the evidence is legally or factually
insufficient.  Appellant has only argued and briefed the ineffective assistance
of counsel for the failure to preserve the issues.  The only reference to
prejudice – Strickland’s second-prong – is that the issues are therefore
waived on appeal.  But if the evidence is in fact legally and factually
sufficient, the appellant has failed to establish, or even argue, any
prejudice.  Failure to preserve a meritless issue is not ineffective assistance
of counsel.  See Thacker v. State, 999 S.W.2d 56, 67 (Tex. App.—Houston
[14th Dist.] 1999, pet. ref'd) ("Trial counsel is not ineffective for
failure to make meritless objections.").

          The majority contends this argument is
classic circular reasoning and disingenuous.  It is circular reasoning and
disingenuous only if you fail to properly apply the law.  Each of Tammy’s allegations
of ineffective assistance of counsel must be viewed independently.  The
majority has endeavored to enhance their arguments for abatement by making them
dependent upon one another.  They are not.

          The evidence in the record is legally
or factually insufficient, or it is not.  If the evidence in the record is not
legally or factually insufficient, there can be no prejudice to Tammy as a
result of her attorney not preserving these issues.  Thus, failure to preserve
an evidentiary sufficiency issue, without more, cannot constitute prejudice.

          It does not matter if there is
evidence outside the record which is identified in the hearing.  Evidence
outside the current record will not become part of the evidentiary sufficiency
review to determine prejudice for failure to preserve the legal and factual
insufficiency issues.

          If, as a result of other alleged
grounds of ineffective assistance of counsel, it is shown that the attorney did
not effectively contest the State’s evidence or did not offer mitigating
evidence, we do not add that evidence to the record and re-determine the
evidentiary sufficiency issues.  We independently determine whether the
ineffectiveness giving rise to that failure, the conflict or the failure to
conduct pretrial discovery, prejudiced Tammy.  

CONFLICT WITH CLIENT

          As to the allegation of ineffective
assistance of counsel with regard to counsel’s alleged conflict with his client,
we have the record of the proceeding wherein that alleged conflict was addressed
by the trial court.  This is not a traditional conflict of interest.  The
record demonstrates that Tammy was not working with her appointed counsel, but
had made the decision to rely upon counsel appointed to represent Ray.  The
record reflects she informed her counsel to contact Ray’s and, in response to a
specific inquiry about witnesses, that Ray’s witnesses were her witnesses.  She
is an adult.  She made her choice.  We should not second guess her or her appointed
counsel at this juncture.

And before we abate this case, it would seem
appropriate to at least require someone to identify some specific additional
evidence not in the record, or at the very least argue why it is suspected that
some favorable evidence was not in the record, due to the ineffective
assistance of counsel rather than abating this case for a fishing expedition. 
In this appeal, no one has explained or argued what additional evidence or
argument, if any, would be available to show prejudice as a result of this
allegation of ineffective assistance of counsel.  Because we have the record
relevant to this issue, there is no need to abate this proceeding for further
development of a record.

CONDUCTING DISCOVERY

          Likewise, on the allegation of
ineffective assistance of counsel due to the failure to conduct discovery, the
record contains the explanation and discussion of why no discovery was engaged
in by the attorney.  The record also includes the trial court’s admonition to Tammy
to cooperate with counsel.  And again, as to this allegation of ineffective
assistance of counsel for failure to conduct discovery, there is not even an
allegation of what additional information might be obtained in a hearing on a motion
for new trial to support the argument that counsel was ineffective by failing
to conduct discovery.  Specifically, there is no allegation of what additional
evidence might have been discovered that would have been helpful to Tammy’s case;
thus, there is no showing of prejudice, Strickland’s second-prong.  Further,
and dispositive of this allegation, is that the record affirmatively shows that
Tammy made the decision to rely on the discovery conducted by one of the other
parties. This is not ineffective assistance by her appointed counsel.

CONCLUSION

          There is simply no reason to delay the
consideration of this accelerated appeal by engaging in an ill-advised
procedure created by this Court.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Dissenting
opinion delivered and filed March 22, 2006

Publish




APPENDIX TO DISSENTING OPINION

The text of Chief Justice Gray’s Dissenting
Opinion to Abatement Order in

In the Interest of K.K, 180 S.W.3d 681, 2005 Tex. App. LEXIS 8647,
*17-18 

(Tex. App.—Waco 2005, order) (Gray, C.J.,
dissenting)

 

 

      I dissent to the new procedure created out
of whole cloth by the majority.

      The hostility continues—unabated.  See
In re M.A.H., No. 10-02-00234-CV, 2004 Tex. App. LEXIS 6913, at *8-*9 (Tex. App.—Waco July 28, 2004, no pet.) (Gray, C.J., dissenting).  Is it effective
assistance of counsel or is it now the appointment of effective counsel?  See
Brice v. Denton, 135 S.W.3d 139, 146-51 & nn.1-3 (Tex. App.—Waco 2004) (Gray,
C.J., dissenting), pet. denied sub nom. Denton ex rel. A.R.B. v. Brice, No.
04-0391, 2005 Tex. LEXIS 380 (Tex. May 13, 2005) (order) (not designated for
publication).  The appellate counsel has the option to proceed simultaneously
with a writ of habeas corpus to develop any factual record needed to show
counsel’s conduct and reasons for it.  See Tex. Fam. Code Ann. § 161.211(a)-(b) (Vernon 2002); see
generally Brice at 155 n.6 (Gray, C.J., dissenting).

          I would affirm the trial court’s
judgment.  More later if this order is set aside by mandamus; if not, then
after the appeal is reinstated. 

 

*
The Legislature
again amended the statutes governing the appointment of counsel for indigent
parents in suits affecting the parent-child relationship in its last session.  E.g.,
Act of May 29, 2005, 79th Leg., R.S., ch. 268, § 1.06, 2005 Tex. Sess.
Law Serv. 621, 623 (Vernon) (to be codified at Tex. Fam. Code § 107.013(c)); id. § 1.07,
2005 Tex. Sess. Law Serv. at 623 (to be codified as an amendment of Tex. Fam. Code Ann. § 107.015(c) (Vernon Supp. 2004-2005)).

 

END OF APPENDIX





Affirmed
Opinion delivered and filed October 1, 1997
Do not publish