# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00718-CV

**Cliff Burke, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 395TH JUDICIAL DISTRICT
### NO. 03-1101-F395, HONORABLE MICHAEL JERGINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Cliff Burke, appearing pro se, is currently incarcerated in the Arizona Department of Corrections. Burke has not made arrangements to pay for the clerk's record, which was due on December 27, 2007, nor has he paid the $175.00 fee for filing a notice of appeal. In addition, Burke has not yet filed a docketing statement as required by Texas Rule of Appellate Procedure 32.1.

On March 10, 2008, Burke filed an affidavit of indigence in this Court. *See* Tex. R. App. P. 20.1. Because the docketing statement and clerk's record have not been filed, it is unclear whether Burke filed in the trial court a statement of points on which he intends to appeal, a motion for new trial, or an affidavit of indigence. *See* Tex. Fam. Code Ann. § 263.405(b) (West Supp. 2007) (governing appeals from termination orders). It is also unclear whether the trial court appointed an

attorney to represent Burke on appeal[1] or held a hearing to determine whether Burke was indigent or whether the appeal was frivolous. *See id.* § 263.405(d), (e).

We abate this cause to the trial court for a hearing to determine whether Burke is indigent, as well as other required determinations under the family code. *See* Tex. Fam. Code Ann. §§ 107.013, 263.405 (West Supp. 2007).

The trial court is ordered to forward a record of the hearing, including any findings of fact and conclusions of law, to this Court within 30 days of the date of this order. If Burke is entitled to and desires appointed counsel, the trial court shall make that appointment and inform his attorney that the brief is due within such time as the trial court determines is appropriate for the circumstances, but no later than 25 days after the trial court's hearing.

_____

Diane Henson, Justice

Before Justices Patterson, Puryear and Henson

Abated

Filed: March 21, 2008

---

[1] While the family code does not specifically require appointed appellate counsel for an indigent parent, Texas courts have held that "the right to effective counsel extends to the appellate level" in termination cases. *In re K.K.*, 180 S.W.3d 681, 684 (Tex. App.—Waco 2005, no pet.).