IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00347-CV

 

In
the Interest of S.K.A., a Child,

                                                                                    

 

 



From the 13th District
Court

Navarro County, Texas

Trial Court No. 07-16859-CV

 



abatement ORDER



 

            After a bench trial, the
parental rights of Charlene and Donald to S.K.A. were terminated.  They both
appeal, asserting multiple issues.

            In Issue C.1., Charlene and
Donald both assert that their appointed trial counsel was ineffective because
he: (1) failed to file a motion for continuance; (2) failed to investigate the
case; (3) failed to call witnesses to rebut petitioner’s claims; and (4) failed
to undertake discovery.  In their brief, they request abatement of this appeal
so they can develop a record in the trial court to support their
ineffective-assistance claims.

            In a parental-rights
termination case where the parent asserts on appeal the ineffective assistance
of trial counsel, but nothing in the record indicates trial counsel’s reasons
or strategies for the complained-of conduct, the lack of a record is practically
always fatal to the parent’s appellate issue.  See In re K.K., 180
S.W.3d 681, 683, 685-86 (Tex. App.—Waco 2005, order).

We
therefore abate this appeal and remand the cause to the trial court for a
hearing at which Appellants have an opportunity to develop an evidentiary
record in support of their ineffective assistance of counsel claims.[1] 
See K.K., 180 S.W.3d at 887-88; see also In re T.N.F., 191 S.W.3d
329 (Tex. App.—Waco 2006, order).  The trial court is instructed to hold this hearing
within twenty days of the date of this abatement order.  No later than ten days
after the date of the hearing, a supplemental clerk’s record and a supplemental
reporter’s record pertaining to the hearing shall be filed in this appeal, at
which time the appeal will be reinstated.  After the supplemental clerk’s and
reporter’s records are filed, Appellants shall have ten days to file a
supplemental brief, after which Appellee shall have ten days to file a brief in
response.

PER CURIAM

 

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray does not join this order)

Appeal abated

Order issued
and filed March 11, 2008

Do not publish








 









[1] When ineffective assistance is raised
for the first time on appeal, abatement for a hearing allows trial counsel, who
has not had an opportunity to respond to the allegations, such an opportunity. 
See Rylander v State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003)
(“because the ineffective assistance claim is raised on direct appeal, trial
counsel has not had an opportunity to respond to these areas of concern”).