

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00076-CV

**IN THE INTEREST OF D.R.R.**, a Child

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2016PA00694
Honorable Peter Sakai, Judge Presiding

Opinion by:   Rebeca C. Martinez, Justice

Sitting:   Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Irene Rios, Justice

Delivered and Filed:  July 19, 2017

AFFIRMED

Appellant D.R. appeals the trial court's order terminating his parental rights to his daughter,

D.R.R.   In two issues, Appellant contends: (1) trial counsel rendered ineffective assistance of

counsel in failing to communicate with him and in arriving late at trial; and (2) the trial court erred

in implicitly denying trial counsel's "not ready" announcement.   We affirm the trial court's

judgment.

### BACKGROUND

On April 5, 2016, the Texas Department of Family and Protective Services filed a petition

seeking protection of D.R.R. after D.R.R. was not picked up from daycare for the day by Mother.[1]

The Department was named temporary managing conservator of D.R.R. and she was placed in a

---

[1] Mother is not a party to this appeal.

foster home. The Department prepared a service plan for Appellant with a stated goal of reunification. The trial court held the statutorily-required status and permanency hearings. Ultimately, the Department moved to terminate both Mother's and Appellant's parental rights.

The case proceeded to a final hearing on February 3, 2017. Mother was not present and her counsel announced "not ready." Neither Appellant nor his counsel were present. The trial court overruled Mother's "not ready" and proceeded with the hearing. After the first witness—Department caseworker Kim Hubbard—completed her testimony on direct, Appellant's attorney appeared and announced "not ready," stating he had had no contact with his client. Counsel proceeded to cross-examine the caseworker. Two additional witnesses testified. At the conclusion of the hearing, the trial court determined Appellant's parental rights to D.R.R. should be terminated.[2] The trial court found Appellant: (1) constructively abandoned the child who had been in the temporary managing conservatorship of the Department for not less than six months; (2) failed to comply with the provisions of a court order that established the actions necessary for him to obtain the return of the child; and (3) used a controlled substance in a manner that endangered the health or safety of the child and failed to complete a court-ordered substance abuse treatment program. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(N), (O), (P) (West Supp. 2016). The trial court further found termination of Appellant's parental rights would be in the child's best interests. *See id.* § 161.001(b)(2). Accordingly, the trial court rendered an order terminating Appellant's parental rights to D.R.R.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant argues trial counsel was ineffective in (1) failing to communicate with Appellant and (2) arriving late at trial. The statutory right to counsel in parental-rights termination cases

---

[2] Mother's parental rights were also terminated, but she did not appeal the trial court's termination order.

includes a right to effective counsel. *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). In analyzing the effectiveness of counsel in a parental-rights termination case, Texas courts follow the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). *In re M.S.*, 115 S.W.3d at 544-45. Under *Strickland'*s test, the appellant must show (1) counsel's performance was deficient; and (2) the deficiency prejudiced the appellant's defense. *Id.* at 545. We will not conclude an appellant received ineffective assistance of counsel unless the appellant satisfies both prongs of the *Strickland* test. *Id.*

Under *Strickland'*s first prong, an appellant must show trial counsel's performance fell below an objective standard of reasonableness. *Id.* at 549. Only when counsel's "conduct was so outrageous that no competent attorney would have engaged in it" will the challenged conduct constitute deficient performance. *Id.* at 545. We indulge a strong presumption that trial counsel's conduct falls within the wide range of reasonable, professional assistance and was motivated by sound trial strategy. *Id.* An appellant bears the burden to overcome this presumption. *See id.* at 549. Under *Strickland'*s second prong, an appellant must show there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Id.* at 549-50. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694.

With regard to the first *Strickland* prong, the record before this court is silent as to trial counsel's strategy regarding the challenged conduct. In his brief, Appellant contends he never met trial counsel in person and was given the wrong trial setting. Appellant did not, however, file a motion for new trial from which he could have elicited testimony from trial counsel, nor did he provide an affidavit in which trial counsel could explain the challenged conduct. Because the record is silent as to the reasons for trial counsel's conduct, this court may not speculate as to the reasons behind counsel's actions or omissions to find counsel's performance deficient. *See Walker*

*v. Tex. Dep't of Family & Protective Servs.*, 312 S.W.3d 608, 623 (Tex. App.—Houston [1st Dist.] 2009, pet. denied); *see also Franklin v. State*, 693 S.W.2d 420, 431 (Tex. Crim. App. 1985), *cert. denied*, 475 U.S. 1031 (1986) (mere assertions in brief not supported by evidence in the record will not be considered on appeal). This court has thoroughly reviewed the record and concludes Appellant failed to overcome the presumption that trial counsel's representation fell within the wide range of reasonable, professional assistance and might be considered sound trial strategy. *See In re M.S.*, 115 S.W.3d at 545. Although trial counsel premised his "not ready" on the fact that he had not been in contact with Appellant, nothing in the record before us indicates that it was trial counsel who failed to communicate with or advise Appellant. *See Walker*, 312 S.W.3d at 622-23. Rather, the record demonstrates that it was Appellant who was not engaged in the case. Appellant did not appear at any of the pre-trial settings and did not communicate with the Department or visit his child. For these reasons, Appellant failed to satisfy the first prong of *Strickland.* On this record, we cannot say Appellant has overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable, professional assistance and was motivated by sound trial strategy. *See In re M.S.*, 115 S.W.3d at 549.

Texas courts have recognized the inequities created by the "record" requirement in parental-rights termination cases. *See In re K.K.*, 180 S.W.3d 681, 685 n.3 (Tex. App.—Waco 2005, no pet.). Unlike criminal cases, parental-rights termination cases have no habeas remedy in which to develop the necessary record. *See id.* at 686. In many cases, parents may not have a meaningful opportunity to develop a post-trial record to support an ineffective assistance of counsel claim. *See, e.g., In re M.E.-M.N.*, 342 S.W.3d 254, 258 (Tex. App.—Fort Worth 2011, pet. denied); *In re K.K.*, 180 S.W.3d at 688. Thus, Appellant requests that we abate the appeal and remand to the trial court to develop a record on his ineffective assistance of counsel claim. *See id.*

Whether abatement is appropriate depends on the facts of each parental-rights termination case and the specific allegations of ineffective assistance. *Id.*

We conclude that an abatement is unnecessary in this case because Appellant would not be able to show the challenged deficiencies prejudiced his defense. Even assuming trial counsel's performance was deficient based on his tardiness and alleged failure to communicate with Appellant, Appellant cannot show a reasonable probability that the outcome of the proceeding would have been different. *See In re M.S.*, 115 S.W.3d at 549-50; *In re K.A.D.K.*, No. 04-15-00758-CV, 2016 WL 1587535, at *8-9 (Tex. App.—San Antonio Apr. 20, 2016, pet. denied) (mem. op.). The evidence in support of the trial court's termination order was overwhelming. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(N), (O), (P) (statutory grounds for termination) (West Supp. 2016); *id.* § 161.001(b)(2) (best interest) (West Supp. 2016). Department caseworker Kim Hubbard testified that Appellant was not in compliance with the court-ordered family service plan because he failed to stay in contact with the caseworker, had not visited D.R.R. throughout the life of the case, and failed to complete or engage in most of his court-ordered services. Appellant still needed to complete individual counseling, a domestic violence course, a drug assessment, a psychological assessment, a parenting class, and maintain stable housing and employment. According to Hubbard, Appellant did not visit D.R.R. because he was initially unsure whether she was his child, and also because his work schedule did not allow him to take time off. Appellant admitted the use of marijuana to Hubbard but never sought drug treatment.

Thus, the record contains uncontroverted evidence that Appellant made no effort to complete his family service plan during the ten months that the case was pending. In particular, he did not visit the child at all and admitted to drug use during the case. The child had not formed a bond with Appellant and Appellant had failed to improve his parenting skills during the pendency

of the case despite the services offered by the Department. On the other hand, D.R.R. was bonded to her foster mother, who planned to adopt her.

Appellant does not dispute this evidence or contend it was admitted as a result of trial counsel's deficient performance. Because the record contains sufficient unchallenged evidence to support both the trial court's statutory findings and best interest finding, Appellant cannot establish any alleged deficient performance on trial counsel's part prejudiced his defense. *See Strickland*, 466 U.S. at 692-94. Accordingly, Appellant has not satisfied his burden of demonstrating ineffective assistance of counsel. We therefore overrule Appellant's first issue.

### "NOT READY" ANNOUNCEMENT

In his second issue, Appellant argues the trial court erred in implicitly denying trial counsel's "not ready" announcement. We interpret an announcement of "not ready" as a motion for continuance. *In re R.F. III*, 423 S.W.3d 486, 489 (Tex. App.—San Antonio 2014, no pet.). An application for a continuance may only be granted "for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251. If the continuance is requested based on the testimony of an absent person, the party applying for the continuance "shall make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony, stating such diligence, and the cause of failure, if known; [and] the continuance is not sought for delay only, but that justice may be done . . . ." *Id.* R. 252. In a termination of parental rights case, an appellate court reviews a trial court's denial of a motion for continuance for an abuse of discretion. *In re E.L.T.*, 93 S.W.3d 372, 374 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

Here, Appellant's attorney did not file or present a written motion, verification, or any affidavit or offer of any proof that Appellant's testimony was material, or that counsel used due diligence to procure Appellant's testimony. Accordingly, we cannot conclude the trial court

abused its discretion in denying any request for a continuance. *In re R.F. III*, 423 S.W.3d at 492 (holding same). Accordingly, we overrule Appellant's second issue.

## CONCLUSION

Having overruled Appellant's issues on appeal, we affirm the trial court's termination order.

Rebeca C. Martinez, Justice