191 S.W.3d 329 (2006)
In the Interest of T.N.F., H.R.F., H.R.F., Jr., and H.R.F., Children.
No. 10-05-00327-CV.
Court of Appeals of Texas, Waco.
March 22, 2006.
Brad K. Cune, Bryan, Lonnie E. Gosch, Hearne, for appellant/relator.
John C. Paschall, Robertson County & Dist. Atty., Franklin, Kirsten Castaneda, Michael A. Hatchell and Elissa G. Underwood, Locke, Liddell & Sapp LLP, Dallas, Christopher W. Peterson, Peterson & Swearingen, College Station, for appellee/respondent.
Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

ABATEMENT ORDER
PER CURIAM.
After a jury trial, the parental rights of Tammy Fulton, Ray Fulton, and Brandon Wobig to their respective children were terminated. All three appeal.
In one issue, Tammy (the mother of all four children), through her appointed appellate counsel, asserts that her appointed trial counsel was ineffective because he: (1) failed to file a motion for new trial and failed to preserve complaints on the legal and factual sufficiency of the evidence; (2) had a conflict of interest with his client that hindered his representation of her; and (3) failed to undertake any pretrial *330 discovery. The Department of Family & Protective Services responds that the record does not support Tammy's ineffective-assistance claims. The second aspect of Tammy's ineffective-assistance issue warrants elucidation.
Tammy and her husband Ray Fulton were represented by separate counsel.[1] The record is replete with evidence of Ray's abuse of Tammy (including his threats to kill her) and the children and the dirty, unsanitary condition of his home. On the second day of trial, the Department's attorney informed the trial court that Tammy's trial counsel had not been permitted to visit with Tammy outside the presence of Ray and Ray's attorney and expressed a concern that this apparent conflict between Tammy and her trial counsel could form the basis of an ineffective-assistance claim. Tammy's trial counsel concurred that Ray had not permitted him to visit with Tammy; he had only very brief telephone discussions with her where she hung up on him, and he had written to her on the need to prepare for trial. He was told by Tammy that he was to deal only with Ray and Ray's counsel and that her witnesses were Ray's witnesses.
On appeal, the complaint is that Tammy and her trial counsel had a conflict (the source of which appears to be Ray's control over Tammy) that prevented trial counsel from effectively assisting Tammy in the Department's suit to terminate her parental rights to her four children.[2] The gist of the allegation is that Tammy's trial counsel did nothing before trial to resolve this conflict so that he could effectively defend Tammy's parental rights by pursuing his own trial strategy, rather than Ray's and Ray's trial counsel's strategy.[3]
In a parental-rights termination case where the parent asserts on appeal the ineffective assistance of trial counsel, but nothing in the record indicates trial counsel's reasons or strategies for the complained-of conduct, the lack of a record is practically always fatal to the parent's appellate issue. See In re K.K., 180 S.W.3d 681, 683, 685-86 (Tex.App.-Waco 2005, order). "An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." In re S.R.C., 2003 WL 22966325, at *2 (Tex.App.-Fort Worth Dec.18, 2003, no pet.) (mem.op.)); see, e.g., In re J.W., 113 S.W.3d 605, 616 (Tex.App.-Dallas 2003, pet. denied) (appellants did not establish ineffective assistance in part because the record was silent on counsel's reasons for the complained-of failures).
Various courts have highlighted the record requirement and the problem it poses for appellants who urge ineffective-assistance claims in termination cases.[4] As *331 Texas courts began to develop ineffective-assistance claims in termination appeals and the law in Texas was still unsettled, the Houston Fourteenth noted the record requirement's procedural pitfall that awaited such claimants:
In this case, appellant has developed no record of her trial counsel's reasons for the actions or omissions of which appellant complains.... We recognize that an indigent parent might have no meaningful opportunity to develop a record necessary to support a claim of ineffective assistance where the motion for new trial must be filed before appellate counsel is appointed and/or the reporter's record from trial is completed. To the extent a right to effective assistance of counsel becomes established in Texas in this context, this aspect will obviously warrant further attention. Until then, and despite potential inequity, we are not persuaded that reversal of a termination decision could be justified where ineffective assistance is not clearly demonstrated by the record.
In re M.R.E., 2002 WL 246404, at *1 & n.5 (Tex.App.-Houston [14th Dist.] Feb. 21, 2002, no pet.) (not designated for publication).
As the court noted in M.R.E., indigent parents have no "meaningful opportunity" to develop a post-trial record to support an ineffective-assistance claim.
Apart from the preservation issue,[5] in asserting that Tammy cannot show prejudice, the dissenting opinion first begs the question under the circumstances of this case. If Tammy's trial counsel was ineffective because of the conflict and thus did not effectively contest the Department's evidence and offer controverting evidence  and as a result of this ineffectiveness the evidence is legally and factually sufficient  a finding that trial counsel's ineffective assistance did not prejudice Tammy because the evidence is legally and factually sufficient is classic circular reasoning.
And while the record before us exposed the conflict between Tammy and her trial *332 counsel on the second day of trial, unless we were to hold that he was per se ineffective because of proceeding to trial despite the conflict, the limited information before us is silent on, among other things: when the conflict began and the precise circumstances of it; whether and/or why Tammy's trial counsel apparently did nothing about it; and trial counsel's reasons for his conduct or other explanation. Tammy simply has not had a meaningfully opportunity to develop a record that might support her ineffective-assistance claim, and the dissent's assertion that the relevant record is before us misses this mark.
We abate this appeal and remand the cause to the trial court for a hearing at which Appellant Tammy Fulton has an opportunity to develop an evidentiary record in support of her ineffective assistance of counsel claims.[6]See K.K., 180 S.W.3d at 687-88. The trial court is instructed to hold this hearing within thirty days of the date of this abatement order. No later than ten days after the date of the hearing, a supplemental clerk's record and a supplemental reporter's record pertaining to the hearing shall be filed in this appeal, at which time the appeal will be reinstated. After the supplemental clerk's and reporter's records are filed, Appellant Tammy Fulton shall have ten days to file a supplemental brief, after which Appellee shall have ten days to file a brief in response.
Chief Justice GRAY dissenting.
TOM GRAY, Chief Justice, dissenting.
"GONE FISHING" is the sign to hang on this court's order delaying this accelerated appeal of the termination of parental rights case by abating it so that Appellant can utilize a procedure created by the Tenth Court of Appeals to try to find some evidence to show that Tammy was prejudiced by counsel's alleged ineffectiveness. I dissent to the Abatement Order for the reasons set out in my Dissenting Opinion to Abatement Order in In the Interest of K.K., 180 S.W.3d 681, 689 (Tex.App.-Waco 2005, order) (Gray, C.J., dissenting). For the convenience of the reader, that dissenting opinion is set out in full in the Appendix to this dissenting opinion. Probably the most frustrating aspect of ordering this procedure is that no one, other than the majority, has asked for it. That explains why this dissenting opinion may, at times, read more like a response to a motion to abate than a dissenting opinion. The problem is that the party who has filed the motion also has the authority to grant it. It is not surprising that the motion is granted.
The full text of Tammy's brief on the subject of prejudice for all three of her allegations of ineffective assistance of counsel is as follows:
Demonstrating that Fulton's trial counsel provided Fulton with deficient representation during trial is not sufficient to establish that Fulton was denied effective assistance of counsel. In re M.S., 115 S.W.3d [534] at 545 [(2003)]. Fulton must also show that her counsel's deficient performance prejudiced her case. Here it is axiomatic that there is prejudice because legal and factual insufficiency challenges have been waived.
Fulton's counsel's performance was more than inadequate. He did not prepare for trial by instituting a course of written or oral discovery, and then complained *333 to the trial court about his inability to prepare. (Appendix 1, 6 RR 6-9). On top of that, with an obvious conflict with Fulton, he revealed attorney-client privileged information (without permission). He then effectively waived any right to appeal on any ground except ineffective assistance, which was the very ground that he informed the court he would refute by going to this Court if necessary. Fulton's counsel's conduct therefore prejudiced Fulton's defense, and thus Fulton was denied the effective assistance of counsel.

PRESERVATION OF ISSUE FOR APPELLATE REVIEW
With regard to the first allegation of ineffective assistance of counsel, failure to preserve legal and factual sufficiency issues, we should do the same thing we did in Taylor v. Brazoria County Children's Protective Servs. Unit, No. 10-03-00148-CV, 2004 WL 2211668 (Tex.App.-Waco Sept.29, 2004, no pet.) (mem.op.), when we reviewed the sufficiency of the evidence and determined that the parent was not prejudiced by counsel's failure to perfect a factual sufficiency point when the evidence was, in fact, factually sufficient. It seems somewhat ludicrous to abate this proceeding so that trial counsel can testify that the reason he did not take steps necessary to perfect legal or factual sufficiency issues is because it is against his ethical duties to take actions which are wholly frivolous or without arguable merit.
Further, and more compelling, is that the appellant has not asserted that the evidence is legally or factually insufficient. Appellant has only argued and briefed the ineffective assistance of counsel for the failure to preserve the issues. The only reference to prejudice  Strickland's second-prong  is that the issues are therefore waived on appeal. But if the evidence is in fact legally and factually sufficient, the appellant has failed to establish, or even argue, any prejudice. Failure to preserve a meritless issue is not ineffective assistance of counsel. See Thacker v. State, 999 S.W.2d 56, 67 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd) ("Trial counsel is not ineffective for failure to make meritless objections.").
The majority contends this argument is classic circular reasoning and disingenuous. It is circular reasoning and disingenuous only if you fail to properly apply the law. Each of Tammy's allegations of ineffective assistance of counsel must be viewed independently. The majority has endeavored to enhance their arguments for abatement by making them dependent upon one another. They are not.
The evidence in the record is legally or factually insufficient, or it is not. If the evidence in the record is not legally or factually insufficient, there can be no prejudice to Tammy as a result of her attorney not preserving these issues. Thus, failure to preserve an evidentiary sufficiency issue, without more, cannot constitute prejudice.
It does not matter if there is evidence outside the record which is identified in the hearing. Evidence outside the current record will not become part of the evidentiary sufficiency review to determine prejudice for failure to preserve the legal and factual insufficiency issues.
If, as a result of other alleged grounds of ineffective assistance of counsel, it is shown that the attorney did not effectively contest the State's evidence or did not offer mitigating evidence, we do not add that evidence to the record and re-determine the evidentiary sufficiency issues. We independently determine whether the ineffectiveness giving rise to that failure, *334 the conflict or the failure to conduct pretrial discovery, prejudiced Tammy.

CONFLICT WITH CLIENT
As to the allegation of ineffective assistance of counsel with regard to counsel's alleged conflict with his client, we have the record of the proceeding wherein that alleged conflict was addressed by the trial court. This is not a traditional conflict of interest. The record demonstrates that Tammy was not working with her appointed counsel, but had made the decision to rely upon counsel appointed to represent Ray. The record reflects she informed her counsel to contact Ray's and, in response to a specific inquiry about witnesses, that Ray's witnesses were her witnesses. She is an adult. She made her choice. We should not second guess her or her appointed counsel at this juncture.
And before we abate this case, it would seem appropriate to at least require someone to identify some specific additional evidence not in the record, or at the very least argue why it is suspected that some favorable evidence was not in the record, due to the ineffective assistance of counsel rather than abating this case for a fishing expedition. In this appeal, no one has explained or argued what additional evidence or argument, if any, would be available to show prejudice as a result of this allegation of ineffective assistance of counsel. Because we have the record relevant to this issue, there is no need to abate this proceeding for further development of a record.

CONDUCTING DISCOVERY
Likewise, on the allegation of ineffective assistance of counsel due to the failure to conduct discovery, the record contains the explanation and discussion of why no discovery was engaged in by the attorney. The record also includes the trial court's admonition to Tammy to cooperate with counsel. And again, as to this allegation of ineffective assistance of counsel for failure to conduct discovery, there is not even an allegation of what additional information might be obtained in a hearing on a motion for new trial to support the argument that counsel was ineffective by failing to conduct discovery. Specifically, there is no allegation of what additional evidence might have been discovered that would have been helpful to Tammy's case; thus, there is no showing of prejudice, Strickland's second-prong. Further, and dispositive of this allegation, is that the record affirmatively shows that Tammy made the decision to rely on the discovery conducted by one of the other parties. This is not ineffective assistance by her appointed counsel.

CONCLUSION
There is simply no reason to delay the consideration of this accelerated appeal by engaging in an ill-advised procedure created by this Court.

APPENDIX TO DISSENTING OPINION
The text of Chief Justice Gray's Dissenting Opinion to Abatement Order in In the Interest of K.K, 180 S.W.3d 681, 689 (Tex.App.-Waco 2005, order) (Gray, C.J., dissenting)
I dissent to the new procedure created out of whole cloth by the majority.
The hostility continuesunabated. See In re M.A.H., No. 10-02-00234-CV, 2004 WL 1691097 at *3 (Tex.App.-Waco July 28, 2004, no pet.) (Gray, C.J., dissenting). Is it effective assistance of counsel or is it now the appointment of effective counsel? See Brice v. Denton, 135 S.W.3d 139, 146-51 & nn. 1-3 (Tex.App.-Waco 2004) (Gray, C.J., dissenting), pet. denied sub nom. *335 Denton ex rel. A.R.B. v. Brice, No. 04-0391, 2005 Tex. LEXIS 380 (Tex. May 13, 2005) (order) (not designated for publication).* The appellate counsel has the option to proceed simultaneously with a writ of habeas corpus to develop any factual record needed to show counsel's conduct and reasons for it. See TEX. FAM.CODE ANN. § 161.211(a)-(b) (Vernon 2002); see generally Brice at 155 n.6 (Gray, C.J., dissenting).
I would affirm the trial court's judgment. More later if this order is set aside by mandamus; if not, then after the appeal is reinstated.
The Legislature again amended the statutes governing the appointment of counsel for indigent parents in suits affecting the parent-child relationship in its last session. E.g., Act of May 29, 2005, 79th Leg., R.S., ch. 268, § 1.06, 2005 Tex. Sess. Law Serv. 621, 623 (Vernon) (to be codified at TEX. FAM.CODE § 107.013(c)); id. § 1.07, 2005 Tex. Sess. Law Serv. at 623 (to be codified as an amendment of TEX. FAM.CODE ANN. § 107.015(c) (Vernon Supp.2004-2005)).

END OF APPENDIX
NOTES
[1] Ray's appointed appellate attorney filed an Anders brief.
[2] Cf. Brice v. Denton, 135 S.W.3d 139, 140-42 (Tex.App.-Waco 2004, pet. denied) (indigent parent was denied effective assistance of counsel when attorney was appointed on day of final hearing on petition to terminate parental rights and attorney did not request continuance, did not communicate with client, and proceeded to trial).
[3] The conflict aspect of the ineffective-assistance issue arguably relates to the other two aspects in that Tammy's trial counsel, because of this conflict, could not effectively contest the Department's evidence (in part by undertaking pretrial discovery) and present controverting evidence on Tammy's behalf.
[4] E.g., In re F.A.A., 2005 WL 1840098, at *2 (Tex.App.-Corpus Christi Aug.4, 2005, no pet. h.) (mem.op.) ("If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal. Counsel's reasons for failing to object and present an offer of proof in question and answer form do not appear in [the] record. It is possible for counsel to have legitimate reasons for his conduct.") (citations omitted); In re B.T., 154 S.W.3d 200, 205-06 (Tex.App.-Fort Worth 2004, no pet.) ("By not presenting the issue in a motion for new trial and developing a record of ineffective behavior, the proponent of the claim has a difficult burden to overcome because the challenged action might be considered sound trial strategy."); In re A.J.H., 2004 WL 414093, at *7 (Tex.App.-Houston [14th Dist.] Mar. 2, 2004, no pet.) (mem.op.) ("Appellant has the burden to rebut this presumption by presenting evidence illustrating why trial counsel did what he did. An appellant usually cannot meet this burden if the record does not specifically focus on the reasons for trial counsel's conduct. Although Jamie filed a motion for new trial, on which a hearing was held, trial counsel did not attend the hearing. In the absence of a proper evidentiary record developed at a hearing on a motion for new trial, it is extremely difficult to show that trial counsel's performance was deficient.") (citations omitted); In re J.M.S., 43 S.W.3d 60, 64 (Tex.App.-Houston [1st Dist.] 2001, no pet.) ("The defendant must overcome the presumption that the challenged action might be considered sound trial strategy. Furthermore, such a complaint can be raised for the first time on appeal without being preserved in the trial court. However, by not presenting the issue in a motion for new trial and developing a record of ineffective behavior, the proponent of the claim has a difficult burden to overcome: that the challenged action might be considered sound trial strategy.") (citations omitted).
[5] Tammy's appointed appellate counsel recognizes that legal and factual insufficiency cannot be raised on appeal because those complaints were not preserved by Tammy's trial counsel in the trial court. Thus, the dissent's assertion that Tammy is not even asserting legal and factual insufficiency on appeal is disingenuous.
[6] Moreover, when ineffective assistance is raised for the first time on appeal, abatement for a hearing allows trial counsel, who has not had an opportunity to respond to the allegations, such an opportunity. See Rylander v. State, 101 S.W.3d 107, 110 (Tex.Crim. App.2003) ("because the ineffective assistance claim is raised on direct appeal, trial counsel has not had an opportunity to respond to these areas of concern").