

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00163-CV

## IN THE INTEREST OF J.H., A CHILD,

**From the 278th District Court
Madison County, Texas
Trial Court No. 05-10858-09**

## MEMORANDUM OPINION

This is an appeal of a decree terminating appellant's parental rights. The trial court determined that the appeal is frivolous under section 263.405(d)(3) of the Family Code. *See* TEX. FAM. CODE ANN. § 263.405(d)(3) (Vernon Supp. 2008). The appellant contends in her sole issue that she received ineffective assistance of counsel at trial. We will affirm.

### Applicability of Section 263.405

By unpublished order dated August 13, 2008, we directed the parties to brief the issue of whether section 263.405 applies to this appeal because the termination decree being appealed from is the second "final order" rendered in this case. In the first,

signed on July 7, 2006, the court appointed the Department of Family and Protective Services as permanent managing conservator but did not terminate the parental rights of Appellant "Dana."[1] In the second, signed on May 2, 2008, the court terminated Dana's parental rights and retained the Department as the child's permanent managing conservator.

Dana did not respond to our briefing order. The Department did, explaining why it believes this appeal is governed by section 263.405. We agree with the Department's conclusion.

Section 263.405 applies to "a final order rendered under [Chapter 263, Subchapter E]" of the Family Code (sections 263.401 through 263.407). TEX. FAM. CODE ANN. § 263.405(a) (Vernon Supp. 2008); *see id.* §§ 263.401-.407 (Vernon 2002 & Supp. 2008). After the first "final order," the Department filed a petition seeking termination of Dana's parental rights in April 2007. At that time, section 263.401(d) specifically defined what constitutes a "final order."

For purposes of this section, a final order is an order that:

(1) requires that a child be returned to the child's parent;

(2) names a relative of the child or another person as the child's managing conservator;

(3) without terminating the parent-child relationship, appoints the department as the managing conservator of the child; or

---

[1] To protect the identity of the child who is the subject of this suit, we shall refer hereinafter to the mother by the pseudonym "Dana." *See* TEX. FAM. CODE ANN. § 109.002(d) (Vernon 2002); TEX. R. APP. P. 9.8(b)(1).

(4) terminates the parent-child relationship and appoints a relative of the child, another suitable person, or the department as managing conservator of the child.

Act of May 31, 1997, 75th Leg., R.S., ch. 1022, § 90, 1997 Tex. Gen. Laws 3733, 3769 (repealed 2007).[2]

The order being appealed terminated Dana's parental rights and appointed the Department as permanent managing conservator. Thus, it is a "a final order rendered under [Chapter 263, Subchapter E]." *See id.*; *In re T.L.S.*, 143 S.W.3d 284, 287 (Tex. App.—Waco 2004, no pet.).

## Ineffective Assistance of Counsel

Dana contends in her sole issue that she received ineffective assistance of trial counsel. However, because the trial court found Dana's appeal to be frivolous, the issue is whether the court abused its discretion by determining that her ineffective assistance claim is frivolous. *See In re K.D.*, 202 S.W.3d 860, 867 (Tex. App.—Fort Worth 2006, no pet.); *see also In re S.T.*, 263 S.W.3d 394, 400 (Tex. App.—Waco 2008, pet. denied) (when underlying complaint in termination appeal is factual insufficiency, "the issue before us is whether the court abused its discretion by determining that the evidence is such that a factfinder could have reasonably formed a firm belief or conviction that the Department's allegations are true").

To establish a claim for ineffective assistance of counsel, Dana must show that: (1) counsel's performance was deficient; and (2) "the deficient performance prejudiced

---

[2] The repeal of subsection (d) took effect on June 15, 2007 and applies only to a suit affecting the parent-child relationship filed on or after that date. *See* Act of May 27, 2007, 80th Leg., R.S., ch. 866, §§ 5-7, 2007 Tex. Gen. Laws 1837, 1838.

the defense, which 'requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *In re H.R.M.*, 209 S.W.3d 105, 111 (Tex. 2006) (per curiam) (quoting *In re M.S.*, 115 S.W.3d 534, 545 (Tex. 2003) (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984))). We begin with a "strong presumption" that counsel provided reasonably professional assistance. *Id.* Smith bears the burden of overcoming this presumption. *See Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005); *see also M.S.*, 115 S.W.3d at 545 (*Strickland* "places a sufficiently high burden on the movant to prove ineffective assistance of counsel").

Generally, the appellate record is insufficient to satisfy this burden. *See In re M.C.T.*, 250 S.W.3d 161, 172 (Tex. App.—Fort Worth 2008, no pet.); *In re T.N.F.*, 191 S.W.3d 329, 330 (Tex. App.—Waco, order), *disp. on merits*, 205 S.W.3d 625 (Tex. App.—Waco 2006, pet. denied). If the record is silent regarding the reason for the act or omission which is the basis of an ineffective assistance complaint, we may not speculate on that reason. *See M.C.T.*, 250 S.W.3d at 172; *In re S.L.*, 188 S.W.3d 388, 395 (Tex. App.—Dallas 2006, no pet.); *In re K.M.H.*, 181 S.W.3d 1, 7 n.1 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

Here, Dana contends that her trial counsel rendered ineffective assistance by: (1) failing to correspond or meet with her on a more frequent basis; (2) failing to contact potential witnesses; (3) failing to contact her criminal defense attorney or anyone in the U.S. Attorney's office regarding her anticipated release from federal custody; and (4) failing to contact any of her relatives to find a potential relative placement for J.H. In

addition, Dana notes that her trial counsel had to withdraw from the representation after trial because of "chronic diabetes" and infers that this condition inhibited his ability to "withstand the rigors and stresses of preparing and performing a trial."

A predominant impediment to Dana's ineffective assistance claim is that she presented no evidence—including testimony from her trial counsel—at the hearing on her motion for new trial/statement of points on appeal.[3]  Instead, Dana's counsel argued that she received ineffective assistance because of: (1) trial counsel's allegedly poor health; (2) counsel's failure to locate witnesses to testify on her behalf; and (3) counsel's failure to speak with any relatives to explore the possibility of a relative placement for J.H.  *See Love v. Moreland*, No. 07-07-00418-CV, 2008 Tex. App. LEXIS 5605, at *1-2 n.3 (Tex. App.—Amarillo July 23, 2008, no pet.) (argument of counsel is not evidence); *Clayton v. Wisener*, 169 S.W.3d 682, 684 (Tex. App.—Tyler 2005, no pet.) (same); *Potter v. GMP, L.L.C.*, 141 S.W.3d 698, 704 (Tex. App.—San Antonio 2004, pet. dism'd) (same).

In a procedurally similar case, the Beaumont Court has summarily rejected an ineffective assistance claim.

> If ineffective assistance of counsel were an arguable point, a record to support the claim should have been made at the motion for new trial hearing while appellate counsel represented the Franks. *This requires trial counsel's appearance.*  The fact that trial counsel did not appear at the hearing on the motion for new trial is some indication that there was no

---

[3]  Dana makes extensive references in her brief to an affidavit she signed forty-nine days after the court signed the order denying her motion for new trial and finding her appeal to be frivolous and which was filed four days later.  However, because this affidavit was not made or filed until after the court's plenary power had expired, we will not consider it.  *See* TEX. R. CIV. P. 329b(e) (trial court's plenary power continues for thirty days after timely-filed motion for new trial is overruled).

record of ineffectiveness to develop. We will not second guess the trial court when no record of trial counsel's performance and strategy is made.

*In re A.F.*, 259 S.W.3d 303, 306 (Tex. App.—Beaumont 2008, no pet.) (emphasis added).

Trial counsel should be afforded an opportunity to explain his conduct before he is found to have provided ineffective assistance. *S.L.*, 188 S.W.3d at 395 (citing *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002)). Otherwise, it is a rare occasion when a finding of ineffective assistance can be made from the trial record alone. *See M.C.T.*, 250 S.W.3d at 172; *S.L.*, 188 S.W.3d at 395; *K.M.H.*, 181 S.W.3d at 7 n.1.

Dana first contends that her trial counsel did not provide effective assistance because of his chronic diabetes, which he cited as the basis for withdrawing after trial. However, aside from the statement in trial counsel's motion to withdraw regarding his medical condition, there is no *evidence* in the record to show if or how his condition impacted his representation of Dana.

The remainder of Dana's complaints may be summarized as allegations that trial counsel failed to locate certain unidentified witnesses to testify on her behalf or to provide an alternative placement for J.H. In criminal cases addressing allegations of ineffective assistance for failure to call a witness, courts have insisted that the defendant show that the witness: (1) was available to testify; and (2) would have provided favorable testimony. *See Ex parte Ramirez*, No. WR-25,057-06, 2007 Tex. Crim. App. LEXIS 1750, at *11 (Tex. Crim. App. Dec. 12, 2007); *Lee v. State*, 186 S.W.3d 649, 659 (Tex. App.—Dallas 2006, pet. ref'd).

Here, because Dana did not identify any particular witness who was not called to testify and did not identify any particular relative who was willing and able to provide a home for J.H., she necessarily could not show that such witness or relative was available to testify on her behalf. Therefore, she has failed to overcome the strong presumption that counsel provided reasonably professional assistance. *See H.R.M.*, 209 S.W.3d at 111.

Accordingly, the court did not abuse its discretion by determining that Dana's appeal is frivolous. *See S.T.*, 263 S.W.3d at 402; *K.D.*, 202 S.W.3d at 868.

We overrule Dana's sole issue and affirm the judgment.


                         FELIPE REYNA
                         Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
Affirmed
Opinion delivered and filed December 10, 2008
[CV06]