285 S.W.3d 573 (2009)
In the Interest of M.V.G., a Child.
No. 10-09-00054-CV.
Court of Appeals of Texas, Waco.
April 10, 2009.
*574 Ricardo De Los Santos, Ricardo De Los Santos PC, Cleburne, Joseph L. Sheppard, Burleson, for appellant.
Dale S. Hanna, Johnson County Dist. Atty., Cleburne, for appellee.
Toni D. Driver, Alvarado, for ad litem.
Before Chief Justice GRAY, Justice REYNA, and Justice DAVIS.

ABATEMENT ORDER
PER CURIAM.
This is a parental rights termination case governed by section 263.405 of the Family Code. The mother and father have each perfected an appeal. Before the Court is the motion of the mother's appointed trial counsel to withdraw in favor of other counsel whom the trial court has apparently appointed for the appeal. We will deny the motion and abate this appeal for the trial court to decide whether trial counsel should be permitted to withdraw.
We decided a similar issue in the context of a criminal appeal involving appointed counsel in Enriquez v. State, 999 S.W.2d 906 (Tex.App.-Waco 1999, order, no pet.) (per curiam). The appellant's appointed trial counsel filed a motion to withdraw and for substitution of counsel with this Court. Id. at 907. Citing article 26.04 of the Code of Criminal Procedure, we recognized that the Legislature has clearly "given the trial court the responsibility for counsel appointed to represent indigent defendants in criminal proceedings" and "to relieve appointed counsel of his duties or replace him with other counsel." Id. (citing Act of May 30, 1987, 70th Leg., R.S., ch. 979, § 2, 1987 Tex. Gen. Laws 3321, 3322-23 (amended 2001) (current version at TEX. CODE CRIM. PROC. ANN. art. 26.04(c), (j)(2) (Vernon 2009)). We also noted that appointed counsel in criminal cases are paid from the prosecuting county's general fund. Id. at 908 (citing Act of May 30, 1987, 70th Leg., R.S., ch. 979, § 3, 1987 Tex. Gen. Laws 3321, 3323-24 (amended 2001) (current version at TEX. CODE CRIM. PROC. ANN. art. 26.05(f) (Vernon 2009)). Thus, we concluded that the trial court should determine whether to replace appointed trial counsel for the appeal.
If Enriquez is indigent, the trial court has the authority through the Code of Criminal Procedure to relieve De Los *575 Santos of his duties and appoint new counsel for Enriquez' appeal. Any substitution of appointed counsel and the related costs to the county should be determined by the trial court that appointed De Los Santos to Enriquez' criminal proceeding.
Id. at 908.
The Family Code likewise provides for the appointment of counsel for indigent persons whose parental rights are subject to termination. TEX. FAM. CODE ANN. § 107.013 (Vernon 2008); see also TEX. FAM. CODE ANN. § 263.405(e) (Vernon 2008) (providing for appointed counsel on appeal). Court-appointed counsel in termination cases are likewise to be paid from the general funds of the county unless the court determines that another party to the proceeding is able to pay some or all of counsel's fees. Id. § 107.015 (Vernon 2008). Thus, for the same reasons stated in Enriquez, we hold that the trial court should determine whether to grant a motion to withdraw filed by appointed counsel in a parental-rights termination case after an appeal has been perfected.
In Enriquez, we also held that article 26.04 provided a statutory exception to Rule of Appellate Procedure 25.2(g),[1] which states, "Once the record has been filed in the appellate court, all further proceedings in the trial courtexcept as provided otherwise by law or by these ruleswill be suspended until the trial court receives the appellatecourt mandate." TEX. R. APP. P. 25.2(g); see Enriquez, 999 S.W.2d at 908. There is not a comparable provision in the rules governing civil appeals.
Ordinarily, a trial court's plenary jurisdiction expires as provided by Rule of Civil Procedure 329b. See TEX. R. CIV. P. 329b. If the judgment is not superseded under Rule of Appellate Procedure 24.1 however, a trial court may enforce its judgment regardless of the pendency of the appeal. See In re Crow-Billingsley Air Park, Ltd., 98 S.W.3d 178, 179 (Tex. 2003) (orig. proceeding) (per curiam). And if the judgment is superseded, the trial court nevertheless retains "continuing jurisdiction" to evaluate the adequacy of the security required to supersede the judgment. See TEX. R. APP. P. 24.3.
Section 263.405 of the Family Code arguably alters the plenary jurisdiction of the trial court in parental-rights termination cases. Under this statute, motions for new trial must be filed within fifteen days after judgment and must be heard within thirty days after judgment. TEX. FAM. CODE ANN. § 263.405(b), (d) (Vernon 2008); but see In re M.N., 262 S.W.3d 799, 802-03 (Tex.2008) (trial court may use Rule of Civil Procedure 5 to extend 15-day deadline for statement of points under section 263.405(b) as much as 15 additional days). And if an indigence claim is not denied by written order within thirty-six days after judgment, the claim is in effect sustained by operation of law. See TEX. FAM. CODE ANN. § 263.405(e).
By contrast, under Rule 329b, a motion for new trial must be filed within thirty days after judgment, and the court has until seventy-five days after judgment to rule on the motion. TEX. R. CIV. P. 329b(a), (c). In addition, the trial court has thirty days after overruling a motion for new trial to reconsider that ruling or to vacate *576 or modify the judgment for some other reason, which could be a period extending as long as 105 days after judgment. Id. 329b(e); see Philbrook v. Berry, 683 S.W.2d 378, 379 (Tex.1985) (orig. proceeding) (per curiam); Curry v. Bank of Am., N A., 232 S.W.3d 345, 352 (Tex.App.-Dallas 2007, pet. denied).
Accordingly, it appears that a trial court's plenary jurisdiction ends by statute on the thirty-sixth day after judgment in a parental-rights termination case governed by section 263.405. See TEX. FAM. CODE ANN. § 263.405(e); cf. id. § 263.405(h) (Vernon 2008) (appellate court may extend time for filing record or appellate brief).
Here, the judgment was signed on February 17, 2009. Thus, the trial court's plenary jurisdiction expired on March 25. To permit the court to consider counsel's motion to withdraw, we will abate the appeal. See In re S.T., 239 S.W.3d 452, 457-58 (Tex.App.-Waco 2007, order) (per curiam) (abating parental-rights termination appeal for appointment of counsel), disp. on merits, 263 S.W.3d 394 (Tex.App.-Waco 2008, pet. denied); cf. In re T.N.F., 191 S.W.3d 329, 332 (Tex.App.-Waco, order) (per curiam) (abating parental-rights termination appeal for hearing on ineffective assistance claim), disp. on merits, 205 S.W.3d 625 (Tex.App.-Waco 2006, pet. denied).
The clerk's record has not yet been filed in this appeal. Appellee's counsel has furnished a certified copy of the trial court's March 13 order denying the father's motion for new trial and determining that his appeal is frivolous.[2] We have not received copies of any orders made with reference to the mother's appeal, but the mother's trial counsel does state in his motion to withdraw that the trial court conducted a hearing on March 5 and announced that he was going to appoint another attorney to represent her on appeal. We have also received correspondence from the attorney appointed to represent the mother on appeal. Her appellate counsel has paid the appellate filing fee and has filed a docketing statement on her behalf.
Trial counsel's motion to withdraw is denied. We abate this appeal for the trial court to determine whether trial counsel should be permitted to withdraw. Any hearing shall be conducted within fourteen days after the date of this Order. Any orders signed by the trial court shall be included in the clerk's record which has not yet been filed. However, the trial court is directed to provide a certified copy of any orders pertaining to the withdrawal of trial counsel or the appointment of appellate counsel within twenty-one days after the date of this Order.
Chief Justice GRAY dissenting with note.[*]
NOTES
[1] Actually, we referred in Enriquez to subdivision (e) of Rule 25.2 which has since been re-lettered as subdivision (g) without substantive change. Enriquez v. State, 999 S.W.2d 906, 908 (Tex.App.-Waco 1999, order, no pet.) (per curiam) (citing TEX. R. APP. P. 25.2(e), 948-949 S.W.2d (Tex. Cases) xcvi (Tex. Crim. App. 1997, amended 2002) (current version at TEX. R. APP. P. 25.2(g)).
[2] Notwithstanding the trial court's rulings, we note that "an indigent person has a statutory right to appointed counsel to represent him in an appeal challenging a court's determination under section 263.405(d) that his appeal is frivolous." In re S.T., 239 S.W.3d 452, 457 (Tex.App.-Waco 2007, order) (per curiam), disp. on merits, 263 S.W.3d 394 (Tex.App.-Waco 2008, pet. denied).
[*] Chief Justice Gray joins no part of the court's abatement order and expressly disagrees with the holdings and reasoning thereof. A separate opinion will not issue. He notes, however, that the majority is unnecessarily delaying this entire proceeding and rewriting much of the law applicable to post judgment practice as it would otherwise be applied in State initiated termination of parental rights cases. All that is necessary to address the issue of the withdrawal of court appointed counsel in this type proceeding, particularly in view of the fact that appellate counsel has already been appointed by the trial court and has appeared herein, is to notify the parties that we believe the trial court retains the authority to consider that issue and dismiss the motion filed with us. To this end Chief Justice Gray proposed the following letter order which was rejected by the Court.

"Ricardo De Los Santos was appointed trial counsel for Priscilla, M.V.G.'s mother, in a suit to terminate Priscilla's parental rights. After a judgment terminating those rights, De Los Santos filed post trial pleadings and a notice of appeal on behalf of Priscilla. The trial court subsequently appointed appellate counsel to represent Priscilla and that appointed counsel has appeared in this proceeding representing Priscilla's interest. De Los Santos has filed a motion in this Court asking that we allow him to withdraw from his representation of Priscilla.
We note the similarities between the appointment of counsel for indigent parents in state-initiated termination proceedings and the appointment of counsel to represent criminal defendants. See TEX. FAM. CODE ANN. § 263.405 (Vernon 2008); TEX. CODE CRIM. PROC. ANN. art. 26.04 (Vernon 2009). We have held that the trial court retains the authority to appoint new counsel and to allow counsel to withdraw from representation in criminal proceedings. See Enriquez v. State, 999 S.W.2d 906, 907-08 (Tex.App.-Waco 1999, order). While the statute regarding the appointment of counsel for indigent parents in state-initiated termination proceedings is not as clear as the criminal statute, we see no reason to draw a distinction in termination proceedings; and we find nothing that ends the trial court's authority to control the appointment process, including withdrawal of appointed counsel during the pendency of an appeal.
Accordingly we dismiss De Los Santos's motion to withdraw as Pricilla's counsel."