IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00054-CV

 

In
the Interest of M.V.G., a Child

 

 

 

 



From the 413th District
Court

Johnson County, Texas

Trial Court No. D200706344

 



ABATEMENT ORDER



 








            This is a parental rights
termination case governed by section 263.405 of the Family Code.  The mother
and father have each perfected an appeal.  Before the Court is the motion of
the mother’s appointed trial counsel to withdraw in favor of other counsel whom
the trial court has apparently appointed for the appeal.  We will deny the
motion and abate this appeal for the trial court to decide whether trial
counsel should be permitted to withdraw.

            We decided a similar issue
in the context of a criminal appeal involving appointed counsel in Enriquez
v. State, 999 S.W.2d 906 (Tex. App.—Waco 1999, order, no pet.) (per curiam). 
The appellant’s appointed trial counsel filed a motion to withdraw and for
substitution of counsel with this Court.  Id. at 907.  Citing article
26.04 of the Code of Criminal Procedure, we recognized that the Legislature has
clearly “given the trial court the responsibility for counsel appointed to
represent indigent defendants in criminal proceedings” and “to relieve
appointed counsel of his duties or replace him with other counsel.”  Id. (citing Act of May 30, 1987, 70th Leg., R.S., ch. 979, § 2, 1987 Tex. Gen. Laws
3321, 3322-23 (amended 2001) (current version at Tex. Code Crim. Proc. Ann. art. 26.04(c), (j)(2) (Vernon 2009)). 
We also noted that appointed counsel in criminal cases are paid from the
prosecuting county’s general fund.  Id. at 908 (citing Act of May 30,
1987, 70th Leg., R.S., ch. 979, § 3, 1987 Tex. Gen. Laws 3321, 3323-24 (amended
2001) (current version at Tex. Code
Crim. Proc. Ann. art. 26.05(f) (Vernon 2009)).  Thus, we concluded that
the trial court should determine whether to replace appointed trial counsel for
the appeal.

            If Enriquez is indigent, the
trial court has the authority through the Code of Criminal Procedure to relieve
De Los Santos of his duties and appoint new counsel for Enriquez’ appeal.  Any
substitution of appointed counsel and the related costs to the county should be
determined by the trial court that appointed De Los Santos to Enriquez’
criminal proceeding.

 

 Id. at 908.

            The Family Code likewise
provides for the appointment of counsel for indigent persons whose parental
rights are subject to termination.  Tex.
Fam. Code Ann. § 107.013 (Vernon 2008); see also Tex. Fam. Code Ann. § 263.405(e)
(Vernon 2008) (providing for appointed counsel on appeal).  Court-appointed
counsel in termination cases are likewise to be paid from the general funds of
the county unless the court determines that another party to the proceeding is
able to pay some or all of counsel’s fees.  Id. § 107.015 (Vernon 2008).  Thus, for the same reasons stated in Enriquez, we hold that the
trial court should determine whether to grant a motion to withdraw filed by
appointed counsel in a parental-rights termination case after an appeal has
been perfected.

            In Enriquez, we also
held that article 26.04 provided a statutory exception to Rule of Appellate
Procedure 25.2(g),[1]
which states, “Once the record has been filed in the appellate court, all
further proceedings in the trial court—except as provided otherwise by law or
by these rules—will be suspended until the trial court receives the
appellate-court mandate.”  Tex. R. App.
P. 25.2(g); see Enriquez, 999 S.W.2d at 908.  There is not a
comparable provision in the rules governing civil appeals.

            Ordinarily, a trial court’s
plenary jurisdiction expires as provided by Rule of Civil Procedure 329b.  See
Tex. R. Civ. P. 329b.  If the
judgment is not superseded under Rule of Appellate Procedure 24.1 however, a
trial court may enforce its judgment regardless of the pendency of the appeal. 
See In re Crow-Billingsley Air Park, Ltd., 98 S.W.3d 178, 179 (Tex. 2003) (orig. proceeding) (per curiam).  And if the judgment is superseded, the trial
court nevertheless retains “continuing jurisdiction” to evaluate the adequacy
of the security required to supersede the judgment.  See Tex. R. App. P. 24.3.

            Section 263.405 of the
Family Code arguably alters the plenary jurisdiction of the trial court in
parental-rights termination cases.  Under this statute, motions for new trial
must be filed within fifteen days after judgment and must be heard within
thirty days after judgment.  Tex. Fam.
Code Ann. § 263.405(b), (d) (Vernon 2008); but see In re M.N.,
262 S.W.3d 799, 802-03 (Tex. 2008) (trial court may use Rule of Civil Procedure
5 to extend 15-day deadline for statement of points under section 263.405(b) as
much as 15 additional days).  And if an indigence claim is not denied by
written order within thirty-six days after judgment, the claim is in effect
sustained by operation of law.  See Tex.
Fam. Code Ann. § 263.405(e).

            By contrast, under Rule
329b, a motion for new trial must be filed within thirty days after judgment,
and the court has until seventy-five days after judgment to rule on the
motion.  Tex. R. Civ. P. 329b(a),
(c).  In addition, the trial court has thirty days after overruling a motion
for new trial to reconsider that ruling or to vacate or modify the judgment for
some other reason, which could be a period extending as long as 105 days after
judgment.  Id. 329b(e); see Philbrook v. Berry, 683 S.W.2d 378,
379 (Tex. 1985) (orig. proceeding) (per curiam); Curry v. Bank of Am., N.A.,
232 S.W.3d 345, 352 (Tex. App.—Dallas 2007, pet. denied).

            Accordingly, it appears that
a trial court’s plenary jurisdiction ends by statute on the thirty-sixth day after
judgment in a parental-rights termination case governed by section 263.405.  See
Tex. Fam. Code Ann. § 263.405(e);
cf. id. § 263.405(h) (Vernon 2008) (appellate court may extend time for
filing record or appellate brief).

            Here, the judgment was
signed on February 17, 2009.  Thus, the trial court’s plenary jurisdiction expired
on March 25.  To permit the court to consider counsel’s motion to withdraw, we
will abate the appeal.  See In re S.T., 239 S.W.3d 452, 457-58 (Tex.
App.—Waco 2007, order) (per curiam) (abating parental-rights termination appeal
for appointment of counsel), disp. on merits, 263 S.W.3d 394 (Tex.
App.—Waco 2008, pet. denied); cf. In re T.N.F., 191 S.W.3d 329, 332 (Tex. App.—Waco, order) (per curiam) (abating parental-rights termination appeal for hearing
on ineffective assistance claim), disp. on merits, 205 S.W.3d 625 (Tex.
App.—Waco 2006, pet. denied).

            The clerk’s record has not
yet been filed in this appeal.  Appellee’s counsel has furnished a certified
copy of the trial court’s March 13 order denying the father’s motion for new
trial and determining that his appeal is frivolous.[2] 
We have not received copies of any orders made with reference to the mother’s
appeal, but the mother’s trial counsel does state in his motion to withdraw
that the trial court conducted a hearing on March 5 and announced that he was
going to appoint another attorney to represent her on appeal.  We have also
received correspondence from the attorney appointed to represent the mother on
appeal.  Her appellate counsel has paid the appellate filing fee and has filed
a docketing statement on her behalf.

            Trial counsel’s motion to
withdraw is denied.  We abate this appeal for the trial court to determine
whether trial counsel should be permitted to withdraw.  Any hearing shall be
conducted within fourteen days after the date of this Order.  Any orders signed
by the trial court shall be included in the clerk’s record which has not yet
been filed.  However, the trial court is directed to provide a certified copy
of any orders pertaining to the withdrawal of trial counsel or the appointment
of appellate counsel within twenty-one days after the date of this Order.

PER CURIAM

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray dissenting with note)*

Appeal abated

Order issued
and filed April 10, 2009

Publish

[CV06]

 

*           (Chief
Justice Gray joins no part of the court’s abatement order and expressly
disagrees with the holdings and reasoning thereof.  A separate opinion will not
issue.  He notes, however, that the majority is unnecessarily delaying this
entire proceeding and rewriting much of the law applicable to post judgment
practice as it would otherwise be applied in State initiated termination of
parental rights cases.  All that is necessary to address the issue of the
withdrawal of court appointed counsel in this type proceeding, particularly in
view of the fact that appellate counsel has already been appointed by the trial
court and has appeared herein, is to notify the parties that we believe the
trial court retains the authority to consider that issue and dismiss the motion
filed with us.  To this end Chief Justice Gray proposed the following letter
order which was rejected by the Court.

 

    “Ricardo De Los Santos was appointed
trial counsel for Priscilla, M.V.G.’s mother, in a suit to terminate
Priscilla’s parental rights.  After a judgment terminating those rights,
De Los Santos filed post trial pleadings and a notice of appeal on behalf of
Priscilla.  The trial court subsequently appointed appellate counsel to
represent Priscilla and that appointed counsel has appeared in this proceeding
representing Priscilla’s interest.  De Los Santos has filed a motion in
this Court asking that we allow him to withdraw from his representation of
Priscilla.

 

    We note the similarities between the
appointment of counsel for indigent parents in state-initiated termination
proceedings and the appointment of counsel to represent criminal
defendants.  See Tex. Fam.
Code Ann. § 263.405 (Vernon 2008); Tex.
Code Crim. Proc. Ann. art. 26.04 (Vernon 2009).  We have held that the
trial court retains the authority to appoint new counsel and to allow counsel
to withdraw from representation in criminal proceedings.  See Enriquez
v. State, 999 S.W.2d 906, 907-08 (Tex. App.—Waco 1999, order).  While
the statute regarding the appointment of counsel for indigent parents in
state-initiated termination proceedings is not as clear as the criminal
statute, we see no reason to draw a distinction in termination proceedings; and
we find nothing that ends the trial court’s authority to control the
appointment process, including withdrawal of appointed counsel during the
pendency of an appeal.

 

    Accordingly we dismiss De Los
Santos’s motion to withdraw as Pricilla’s counsel.”)

 









[1]
              Actually, we
referred in Enriquez to subdivision (e) of Rule 25.2 which has since
been re-lettered as subdivision (g) without substantive change.  Enriquez v.
State, 999 S.W.2d 906, 908 (Tex. App.—Waco 1999, order, no pet.) (per
curiam) (citing Tex. R. App. P. 25.2(e),
948-949 S.W.2d (Tex. Cases) xcvi (Tex. Crim. App. 1997, amended 2002) (current
version at Tex. R. App. P. 25.2(g)).





[2]
              Notwithstanding the
trial court’s rulings, we note that “an indigent person has a statutory right
to appointed counsel to represent him in an appeal challenging a court’s
determination under section 263.405(d) that his appeal is frivolous.”  In re
S.T., 239 S.W.3d 452, 457 (Tex. App.—Waco 2007, order) (per curiam), disp.
on merits, 263 S.W.3d 394 (Tex. App.—Waco 2008, pet. denied).