# NO. 12-14-00061-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE 392ND* |
| | § | *JUDICIAL DISTRICT COURT* |
| *K. S., A CHILD* | | |
| | § | *HENDERSON COUNTY, TEXAS* |

## *PER CURIAM ORDER*

D.S. is the mother of K.S., who was born on March 14, 2011. She appeals the trial court's termination of her parental rights and raises seven issues on appeal. In her first issue, D.S. contends that the notice requirements of the Indian Child Welfare Act (ICWA) were not followed. D.S. argues that failure to comply with the ICWA notice requirements provides cause for invalidating the termination proceeding.

It is undisputed that K.S. is an "Indian child" for purposes of the ICWA. *See* 25 U.S.C.A. § 1903(4) (West, Westlaw current through P.L. 113-93 (excluding P.L. 113-79)). The record shows that Cherokee Nation was involved in this case from "very early [on]" and that D.S. has "background" with Choctaw Nation. However, the trial court did not make a determination that Cherokee Nation or Choctaw Nation was K.S.'s tribe under the ICWA.

An "Indian child's tribe" means "(a) the Indian tribe in which an Indian child is a member or eligible for membership or (b), in the case of an Indian child who is a member of or eligible for membership in more than one tribe, the Indian tribe with which the Indian child has the more significant contacts[.]" 25 U.S.C.A. § 1903(5) (West, Westlaw current through P.L. 113-93 (excluding P.L. 113-79)).

The Bureau of Indian Affairs created guidelines for state courts to use in Indian child custody proceedings to assist with the interpretation of the ICWA. *See* Bureau of Indian Affairs Guidelines for State Courts; Indian Child Custody Proceedings, 44 Fed. Reg.

67,584 (Nov. 26, 1979).[1]  The Guidelines state that when a court "has reason to believe a child involved in a . . . proceeding is an Indian, the court shall seek verification of the child's status from either the Bureau of Indian Affairs or the child's tribe." *Id.* at 67,589.  But when an Indian child is a member of more than one tribe or is eligible for membership in more than one tribe but is not a member of any of them, "the court is called upon to determine with which tribe the child has more significant contacts." *Id.* at 67,590.

The record suggests that K.S. may be a member or is eligible for membership in more than one tribe.  Accordingly, we abate this appeal and remand the cause to the trial court to conduct a hearing to determine K.S.'s tribe *at the time of removal*.  *See id.*; *see also **In re T.N.F.**, 191 S.W.3d 329, 332 (Tex. App.—Waco 2006, order) (per curiam) (abating appeal to allow parent to develop record in support of ineffective assistance of counsel claims).

The trial court shall send notice of the hearing to Cherokee Nation, Choctaw Nation, and all other parties to the case (D.S., through her attorney of record, Marianne Warren; the Department of Family and Protective Services, through its attorney of record, Amber Slaton; K.S., through her attorney of record, Shari Moore; the unknown father, through his attorney of record, Beth Neu; and CASA of Trinity Valley), advising that Cherokee Nation and Choctaw Nation are being considered as K.S.'s tribe, and shall invite each tribe's views on which tribe shall be designated as K.S.'s tribe for purposes of the ICWA.  BIA GUIDELINES, 44 FED. REG. at 67,590.

The trial court's notice shall include the following:

(1) the name of the Indian child;
(2) the Indian child's suspected tribal affiliation;
(3) a copy of the Department's First Amended Petition for Protection of a Child for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship, the trial court's Nunc Pro Tunc Order of Termination, and this court's Order of Abatement;
(4) the name of the Petitioner and the name and address of the Petitioner's attorney;
(5) a statement of the right of the biological parents or Indian custodians and the Indian child's tribe to have, on request, twenty days to prepare for the proceedings;
(6) the location, mailing address, and telephone number of the court; and
(7) a statement in the notice to the tribe that since child custody

---

[1] These guidelines are available at www.nicwa.org/administrative_regulations/icwa/ICWA_guidelines.pdf.

> proceedings are usually conducted on a confidential basis, tribal officials should keep confidential the information contained in the notice concerning the particular proceeding and not reveal it to anyone who does not need the information in order to exercise the tribe's right under the Act.

*See id.* at 67,593.

The notice to each party shall be by registered mail with return receipt requested. A copy of the notice provided to each party, including that provided to Cherokee Nation and Choctaw Nation, shall be filed with the court, together with any return receipts or other proof of service. *See* 25 U.S.C.A. § 1912(a) (West, Westlaw current through P.L. 113-93 (excluding P.L. 113-79)); BIA GUIDELINES, 44 FED. REG. at 67,594.

The trial court's hearing to determine K.S.'s tribe may not begin until after the following dates have passed:

> ten days after the parent, Cherokee Nation, and Choctaw Nation have received notice
>
> or
>
> thirty days after the parent, Cherokee Nation, and Choctaw Nation have received notice if they requested an additional twenty days to prepare for the proceeding.

*See id.* at 67,595.

In determining which tribe shall be designated K.S.'s tribe, the court shall consider, among other things, the following factors as they existed ***at the time of her removal***:

(1)    the length of residence on or near the reservation of each tribe and the frequency of contacts with each tribe;
(2)    the child's participation in activities of each tribe;
(3)    the child's fluency in the language of each tribe;
(4)    whether there has been a previous adjudication with respect to the child by a court of one of the tribes;
(5)    the residence on or near one of the tribe's reservation by the child's relatives;
(6)    the tribal membership of the custodial parent or Indian custodian;
(7)    the interest asserted by each tribe in response to the notice; and
(8)    the child's self identification.

*See id.* at 67,590. At the conclusion of the hearing, the trial court's determination of the child's tribe, together with the reasons for it, shall be set out in writing and made a part of the record of the proceeding. *Id.* A copy of that document shall be sent to each party to the proceeding and to each person or governmental agency that received notice of the proceeding. *Id.*

The trial court is instructed to hold this hearing within *forty-five* days of the date of this abatement order. No later than *ten days* after the date of the hearing, a supplemental clerk's record and a supplemental reporter's record pertaining to the hearing shall be filed in this appeal, at which time the appeal will be reinstated.

Order entered June 11, 2014.

*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*